STATE v. THOMAS BOGGAN.

*Indictment for Carrying Concealed Weapons—Practice—Evidence—Election.*

1. While the rule is that where the State charges one offence and proves other offences of the same kind, the defendant may require an election at the close of the State's evidence as to which it will rely upon, yet where the same offence is proved at different intervals by different witnesses, he is not entitled to demand an election on the part of the State ; hence,

2. On a trial for carrying concealed weapons the State may show that defendant was seen at different places, by different witnesses, at short distances apart.

INDICTMENT for carrying concealed weapons, tried before *Coble, J.*, and a jury, at Spring Term, 1897, of ANSON Superior Court. The defendant was convicted and appealed.

*Mr. Attorney General Zeb V. Walser*, for the State.
*Mr. R. T. Bennett*, for defendant (appellant).

FAIRCLOTH, C. J. : The defendant, being indicted for carrying a concealed weapon on his person, was seen with the pistol at three different places on the railroad track by at least three different witnesses at short distances apart. At the close of the State's evidence, the defendant made a motion that the State be required to elect on which of these charges it relied. This was refused and the defendant excepted.

The exception is not available. The rule is that where the State charges an offence and proves other offences of the same kind the defendant may require an election at the close of the State's evidence, but where the same offence is proved at different intervals by different witnesses, he is not entitled to an election on the part of the State. This

would be an election of evidence and not of different offences. If that was allowed the defendant might be prosecuted for the several offences, when he had committed only one. *State* v. *Williams*, 117 N. C., 753; *State* v. *Parish*, 104 N. C., 679.

No Error.