STATE v. FRED WILLIAMS.

*Practice—Statute—Repeal of Statute—Evidence of Good Character of Defendant—Election.*

1. Where it appears from the case on appeal that no exceptions were taken by the appellant on the trial below, and no error appears on the record, the judgment will be affirmed:

2. The re-enactment by the Legislature of a law in the terms of a former law at the same time it repeals the former law is not in contemplation of law a repeal, but is a reaffirmance of the former law whose provisions are thus continued without any intermission.

3. The date in an indictment is not material.

117—48

4. On the trial of one charged with an offence, it is competent for
the State to prove any number of offences of the kind
charged, in which case the defendant's remedy is, at the close
of the evidence, to ask the court to require the solicitor to
elect on which offence he relies, and where no such request
is made and refused the conviction will not be disturbed.

INDICTMENT for intimidation of voters under Section
2715 of *The Code*, tried before *Boykin*, *J.*, and a jury, at
November Term, 1894, of GREENE Superior Court. The
defendant was convicted and appealed.

*The Attorney General*, for the State.
*Mr. Geo. M. Lindsay*, for defendant (appellant).

CLARK, J.: The appellant having accepted the Solicitor's
amendment to his statement of the case on appeal, it
appears from the case as thus amended that there were no
exceptions taken by defendant. The Attorney General's
motion to affirm the judgment below must therefore be
allowed unless there are errors on the face of the record
proper. *Taylor* v. *Plummer*, 105 N. C., 56; *State* v.
*Brown*, 106 N. C., 645, and numerous other cases cited in
Clark's Code (2nd. Ed), 582. Upon examination we find
none. The indictment sufficiently charges intimidation of
a voter under *The Code*, Section 2715. The defendant
contends that this section having been repealed by Chapter
159, Acts 1895, pending the appeal, the court has no jurisdic-
tion. But said Act in section 41 thereof re-enacts verbatim
the provisions of *The Code*, Sec. 2715. The re-enactment
by the Legislature of a law in the terms of a former law,
at the same time it repeals the former law, is not in con-
templation of law a repeal, but is a re-affirmance of the
former law whose provisions are thus continued without
any intermission. Bishop's St. Crime, Sec. 181; *State* v.
*Sutton*, 100 N. C., 474. On the argument the defendant's

counsel strenuously urged as error that though the indictment laid the offence on the 7th of the month, the State was allowed to show intimidation of the voter on the 8th. The date in an indictment is not ·material (*Code*, Sec. 1189) and besides it is competent for the State to prove any number of offences of the kind charged and the defendant's remedy is at the close of the evidence to ask the court to require the solicitor to elect. *State* v. *Parish*, 104 N. C., 679; *State* v. *Allen*, 107 N. C., 805. But it does not appear that such motion was made and refused in his case. Indeed as we have said there was no exception of any kind.

Affirmed.