STATE OF NORTH CAROLINA v. R. C. (DICK) McCLUNEY, SR.

No. 37

(Filed 28 January 1972)

**1. Statutes § 11— repeal of statute by subsequent enactment**

When a statute creating a criminal offense is repealed by a law subsequently enacted, the former will be held inoperative even as to offenses committed before the passage of the latter act, unless a contrary intent on the part of the legislature appears from the language in the repealing statute.

**2. Criminal Law § 127; Obscenity; Statutes § 11— disseminating obscenity — conviction under repealed statute — arrest of judgment**

Defendant is entitled to have arrested the judgment imposed upon his conviction of disseminating obscenity in violation of [former] G.S. 14-189.1, where that statute was unqualifiedly repealed by the enactment of Ch. 405, Session Laws of 1971 while defendant's appeal was pending in the Supreme Court.

APPEAL by defendant under G.S. 7A-30(1) from the decision of the Court of Appeals reported in 11 N.C. App. 11, 180 S.E. 2d 419.

Defendant was tried at the 24 November 1969 Session of GASTON upon an indictment which charged that, in violation of G.S. 14-189.1, he purposely and unlawfully disseminated obscenity by selling and offering for sale certain specifically designated magazines and pictures, described as obscene in the words of the statutory definition of obscenity. Before pleading defendant moved to quash the indictment on the ground, *inter alia,* that G.S. 14-189.1 is unconstitutional in that it violates the first amendment to the U. S. Constitution, the due process clause of the fifth and fourteenth amendments, and the equal protection clause of the fourteenth amendment. The motions to quash were overruled and defendant pled not guilty.

The State offered evidence; defendant offered none. The verdict was guilty as charged. With the consent of the solicitor and the defendant, prayer for judgment was continued until 25 June 1970, when a sentence of six months' imprisonment was imposed and suspended for two years upon defendant's compliance with certain conditions. Defendant appealed to the Court of Appeals. In an opinion filed 28 April 1969 that court held that G.S. 14-189.1 was constitutional and that defendant had received a fair trial, free from prejudicial error. Defend-

ant, on the ground that substantial constitutional questions had been decided against him, appealed to this Court as a matter of right.

*Attorney General Robert Morgan, Assistant Attorney General Burley B. Mitchell, Jr., and Associate Attorney General Charles A. Lloyd for the State.*

*Norman B. Smith and Michael K. Curtis for defendant appellant.*

SHARP, Justice.

Defendant was indicted for a violation of G.S. 14-189.1, a codification of Chapter 1227 of the Session Laws of 1957 as amended by Chapter 164 of the Session Laws of 1965. On 1 July 1971, while this case was pending before us on appeal, the General Assembly enacted Chapter 405 of the Session Laws of 1971 (referred to hereafter as the 1971 Act), which specifically repealed G.S. 14-189.1 and three other related sections. No saving clause was provided.

By the same Act, in an obvious effort to draft a statute in which the United States Supreme Court would find no constitutional infirmity, the General Assembly rewrote the North Carolina law defining obscenity and making its dissemination unlawful. This rewrite, now codified as G.S. 14-190.1 through G.S. 14-190.8, made material and substantial changes in our law prohibiting the dissemination of obscenity.

The 1971 Act, which repealed G.S. 14-189.1, did not substantially reenact it. Therefore it was not continued in effect under the rule that "[t]he re-enactment by the Legislature of a law in the terms of a former law, at the same time it repeals the former law, is not in contemplation of law a repeal, but is a reaffirmance of the former law, whose provisions are thus continued without any intermission." *State v. Williams,* 117 N.C. 753, 754, 23 S.E. 250; *accord, State v. R. R.,* 125 N.C. 666, 34 S.E. 527. See annot., 77 A.L.R. 2d 336 (1961), where the cases are collected.

Whereas G.S. 14-189.1 made it unlawful "to purposely, knowingly, or recklessly disseminate obscenity [except as provided in subsection (c)]," G.S. 14-190.1 prohibits the dissemination of obscenity to adults "in a public place" only. The former

law exempted from its application art museums and public or private libraries. The changes made in the 1971 Act—some of which eliminated provisions and supplied omissions which defendant contended rendered G.S. 14-189.1 unconstitutional—evidence the legislature's apprehension that G.S. 14-189.1 did not meet the requirements of the Federal Constitution as interpreted by the United States Supreme Court in *Roth v. United States,* 354 U.S. 476, 1 L.Ed. 2d 1498, 77 S.Ct. 1304 (1957), and subsequent cases. The outright repeal of this penal statute without any saving clause further evidences this misgiving. It is also in sharp contrast with that provision of the 1957 enactment, G.S. 14-189.1(g), which declared that the "provisions of this section do not repeal but supplement existing statutes relating to the subject matter herein contained."

[1] The rule is that when a statute creating a criminal offense is repealed "by a law subsequently enacted, the former will be held inoperative even as to offenses committed before the passage of the latter act, unless a contrary intent on the part of the lawmakers appear . . . from the language in the repealing statute." *State v. Massey,* 103 N.C. 356, 358-59, 9 S.E. 632-33.

We can find nothing in the 1971 Act, which repealed G.S. 14-189.1 outright and enacted G.S. 14-190.1, "to indicate an intent to leave the old law unrepealed, or to reaffirm it." *State v. Massey, supra* at 359, 9 S.E. 633. On the contrary, the clear implication is that the legislature intended to get rid of a law of dubious constitutionality and to prevent the post-conviction problems which would immediately result were this Court or the United States Supreme Court to hold the law unconstitutional. The enactment of G.S. 14-190.1 was an obvious attempt to provide a new law which would meet the latest tests enunciated by the United States Supreme Court in order that State law enforcement officers might proceed with assurance against the rampant public dissemination and pandering of obscenity.

This legislative purpose is manifested in Section 2 of the 1971 Act [printed under G.S. 14-190.1 (Supp. 1971) as "Interpretation of §§ 14-190.1 to 14-190.8,"] which declares: "Every word, clause, sentence, paragraph, section, or other part of this Act [1971 Act] shall be interpreted in such manner as to be as expansive as the Constitution of the United States and the Constitution of North Carolina will permit." It is also significant that the 1971 Act, unlike the 1957 Act, contains a severance

clause providing, "If any word, clause, sentence, paragraph, section, or other part of this act" shall be adjudged invalid, "such judgment shall not affect, impair, and invalidate the remainder thereof."

[2] The unqualified repeal of G.S. 14-189.1 renders moot the question of its constitutionality, which defendant contests in the name of first amendment guarantees of freedom of speech and press. "The rule is that when a criminal statute is expressly and unqualifiedly repealed after the crime has been committed, but before *final judgment*—even though after conviction—, no punishment can be imposed. A judgment is not final as long as the case is pending on appeal." (Citations omitted.) *State v. Pardon,* 272 N.C. 72, 75, 157 S.E. 2d 698. We, therefore, express no opinion as to the constitutionality of repealed G.S. 14-189.1.

The constitutionality of the 1971 Act does not arise on this appeal. That question will be decided if and when it is presented. In the meantime, no statement contained herein is to be considered as bearing upon its validity.

Decision on this appeal is based solely on the ground that the statute under which defendant was indicted has been repealed. Accordingly, the decision of the Court of Appeals is reversed, and the case is remanded to that court to the end that it direct the Superior Court to arrest its judgment.

Reversed.