AMERICAN WOODLAND INDUSTRIES, INC., GATOR WOOD, INC., AND GLOBAL TIMBER, INC., INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED TAXPAYERS, PLAINTIFFS v. NORRIS TOLSON, SECRETARY OF REVENUE, THE STATE OF NORTH CAROLINA, ALAMANCE COUNTY, ALEXANDER COUNTY, ALLEGHANY COUNTY, ANSON COUNTY, ASHE COUNTY, AVERY COUNTY, BEAUFORT COUNTY, BERTIE COUNTY, BLADEN COUNTY, BRUNSWICK COUNTY, BUNCOMBE COUNTY, BURKE COUNTY, CABARRUS COUNTY, CALDWELL COUNTY, CAMDEN COUNTY, CARTERET COUNTY, CASWELL COUNTY, CATAWBA COUNTY, CHATHAM COUNTY, CHEROKEE COUNTY, CHOWAN COUNTY, CLAY COUNTY, CLEVELAND COUNTY, COLUMBUS COUNTY, CRAVEN COUNTY, CUMBERLAND COUNTY, CURRITUCK COUNTY, DARE COUNTY, DAVIDSON COUNTY, DAVIE COUNTY, DUPLIN COUNTY, DURHAM COUNTY, EDGECOMBE COUNTY, FORSYTH COUNTY, FRANKLIN COUNTY, GASTON COUNTY, GATES COUNTY, GRAHAM COUNTY, GRANVILLE COUNTY, GREENE COUNTY, GUILFORD COUNTY, HALIFAX COUNTY, HARNETT COUNTY, HAYWOOD COUNTY, HENDERSON COUNTY, HERTFORD COUNTY, HOKE COUNTY, HYDE COUNTY, IREDELL COUNTY, JACKSON COUNTY, JOHNSTON COUNTY, JONES COUNTY, LEE COUNTY, LENOIR COUNTY, LINCOLN COUNTY, MACON COUNTY, MADISON COUNTY, MARTIN COUNTY, McDOWELL COUNTY, MECKLENBURG COUNTY, MITCHELL COUNTY, MONTGOMERY COUNTY, MOORE COUNTY, NASH COUNTY, NEW HANOVER, NORTHAMPTON COUNTY, ONSLOW COUNTY, ORANGE COUNTY, PAMLICO COUNTY, PASQUOTANK COUNTY, PENDER COUNTY, PERQUIMANS COUNTY, PERSON COUNTY, PITT COUNTY, POLK COUNTY, RANDOLPH COUNTY, RICHMOND COUNTY, ROBESON COUNTY, ROCKINGHAM COUNTY, ROWAN COUNTY, RUTHERFORD COUNTY, SAMPSON COUNTY, SCOTLAND COUNTY, STANLY COUNTY, STOKES COUNTY, SURRY COUNTY, SWAIN COUNTY, TRANSYLVANIA COUNTY, TYRRELL COUNTY, UNION COUNTY, VANCE COUNTY, WAKE COUNTY, WARREN COUNTY, WASHINGTON COUNTY, WATAUGA COUNTY, WAYNE COUNTY, WILKES COUNTY, WILSON COUNTY, YADKIN COUNTY, YANCEY COUNTY, DEFENDANTS

No. COA01-1533

(Filed 31 December 2002)

**Taxation— excise taxes—timber sales—refund—standing to sue**

Plaintiffs lacked standing to seek refunds of excise taxes on timber deeds paid pursuant to former N.C.G.S. § 105-228.30 (following an N.C. Supreme Court decision that timber is personalty) because plaintiffs were the transferees of the deeds and paid the transferors' tax by voluntary agreement.

Appeal by plaintiffs from order entered 9 August 2001 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 11 September 2002.

*Barringer, Barringer, Stephenson & Schiller, L.L.P., by David G. Schiller and Marvin Schiller; and Thomas Edward Hodges, for plaintiff-appellants.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Norma S. Harrell and Assistant Attorney General Kay Linn Miller Hobart; J. Todd Bailey; Grainger R. Barrett; S.C. Kitchen; and Lesley F. Moxley; for defendant-appellees.*

THOMAS, Judge.

Plaintiffs, American Woodland Industries, Inc., Gator Wood, Inc., and Global Timber, Inc., individually and on behalf of all similarly situated taxpayers, appeal the trial court's order dismissing their complaint.

The dismissal is based on Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure. The trial court concluded that the named plaintiffs have no standing to prosecute the action and the complaint fails to state a claim upon which relief can be granted. For the reasons herein, we affirm.

Although there has been no class certification, plaintiffs purport to bring this action on behalf of themselves and all others who paid a state timber excise tax in accordance with N.C. Gen. Stat. § 105-228.30 during the years 1997, 1998, 1999, and 2000. Defendants include North Carolina's Secretary of Revenue, the State of North Carolina, and all of North Carolina's counties except New Hanover County. Plaintiffs voluntarily dismissed their claims against New Hanover County with prejudice.

In their complaint, plaintiffs contend they realized the imposition of the excise tax on their timber contracts was improper after the Supreme Court's holding in *Fordham v. Eason*, 351 N.C. 151, 155, 521 S.E.2d 701, 704 (1999). In that case, it was determined that timber, when the subject of a contract for sale, is personalty rather than realty. *See* N.C. Gen. Stat. § 105-228.30 (1999) (levying an excise tax on any instrument conveying any *interest in real property*). Section 105-228.30 has been amended so that effective 1 July 2000 the statute specifically applies to contracts for the sale of timber. 2000 N.C. Sess. Laws 2000-16, § 1.

Accordingly, plaintiffs filed suit requesting: (1) a judgment declaring section 105-228.30 null and void "insofar as it was construed to impose a tax on any conveyance of growing timber or contracts to

convey the sale of growing timber;" and (2) the establishment of a common fund for the purpose of refunding the illegally and improperly collected taxes paid by them and others during the years at issue in accordance with section 105-228.30 as it existed prior to 1 July 2000.

Plaintiffs allege that on 8 November 1999, Gary and Patsy Tillotson executed a timber deed in Vance County, North Carolina, conveying timber to plaintiff Gator Wood for $282,000. On 1 February 2000, Charles and Nancy Hardy executed a timber deed in Beaufort County, North Carolina, conveying timber to plaintiff Global Timber for $100,000. On 16 February 2000, Norwood and France Whitehurst executed a timber deed in Pitt County, North Carolina, conveying timber located in Beaufort County, North Carolina, to plaintiff American Woodland for $200,000.

Although section 105-228.30, both before and after its amendment, puts the duty on the transferor to pay the tax, plaintiffs state in their complaint that for each transaction they purchased the required amount of excise stamps "[p]ursuant to an agreement entered into prior to the execution of the deed." Plaintiffs then presented the deeds with the stamps affixed to the registers of deeds in the counties where the transactions took place.

Plaintiffs filed a complaint in Wake County Superior Court seeking a refund of "the illegally and improperly collected taxes . . . on behalf of themselves and all other taxpayers who paid the excise tax . . . to Defendants for the tax years 1997, 1998, 1999, and 2000."

In response, defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure. Defendants' motion was granted and plaintiffs now appeal.

By their first assignment of error, plaintiffs contend the trial court erred in granting defendants' motion to dismiss under Rule 12(b)(6). Specifically, plaintiffs argue the trial court erred in concluding they are not "taxpayers" within the purview of section 105-228.30, and therefore lack standing to institute the action.

Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy such that he or she may properly seek adjudication of the matter. *See Neuse River Foundation, Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114, 574 S.E.2d 48, 51 (2002) (citing *Sierra Club v. Morton*, 405 U.S. 727, 31 L. Ed. 2d 636

AMERICAN WOODLAND INDUS., INC. v. TOLSON

[155 N.C. App. 624 (2002)]

(1972)). "Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction." *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002). Accordingly, defendants' standing argument to the trial court implicated Rule 12(b)(1), and not, as plaintiffs contend, Rule 12(b)(6). *See Fuller v. Easley*, 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001) We review *de novo* the trial court's decision to dismiss a case for lack of standing. *Id.* Additionally, plaintiffs have the burden of proving that standing exists. *Neuse*, 155 N.C. App. at 113, 574 S.E.2d at 51 (reviewing whether plaintiffs sufficiently alleged injury in fact and proper forms of relief for damage caused by defendants' pollution).

Prior to its amendment, section 105-228.30 provided:

(a) An excise tax is levied on each instrument by which any *interest in real property* is conveyed to another person. The tax rate is one dollar ($1.00) on each five hundred dollars ($500.00) or fractional part thereof of the consideration or value of the interest conveyed. *The transferor must pay the tax* to the register of deeds of the county in which the real estate is located before recording the instrument of conveyance. If the instrument transfers a parcel of real estate lying in two or more counties, however, the tax must be paid to the register of deeds of the county in which the greater part of the real estate with respect to value lies.

N.C. Gen. Stat. § 105-228.30 (1999) (emphasis added).

Plaintiffs here acknowledge they were not required by section 105-228.30 to pay the tax because they were transferees, not transferors. Additionally, they note they are not "taxpayers" for purposes of the remedies provisions of Chapter 105 of the General Statutes. *See* N.C. Gen. Stat. §§ 105-228.37, 105-266.1, and 105.267 (2001). Plaintiffs claim, however, to be taxpayers within the ordinary meaning of the word. The purported timber tax was not a valid tax as a matter of fact and law, they argue, and their payment of it constitutes "injury in fact." Plaintiffs contend the injury can be redressed by a favorable decision in this action, thus conferring standing. For these reasons, plaintiffs did not exhaust available administrative remedies.

In their complaint, plaintiffs assert: "Pursuant to an agreement entered into prior to the execution of the deed, [plaintiffs] agreed that [they] would purchase excise stamps[.]" Plaintiffs then presented the timber deeds to the registers of deeds with the excise tax stamps

affixed in accordance with section 105-228.30. Accordingly, plaintiffs concede that they paid the tax *by voluntary agreement.* As a result, plaintiffs have not suffered any "injury in fact" by operation of section 105-228.30. *See Dunn v. Pate,* 334 N.C. 115, 119, 431 S.E.2d 178, 180-81 (1993) (examining injury in fact as a necessary prerequisite to standing). In *Dunn,* the Court held that deprivation of property resulting from enforcement of a statute gives a party standing to challenge the constitutionality of the statute. *Id.* at 119, 431 S.E.2d at 180. Any injury suffered by plaintiffs here, however, was the result of their own voluntary agreements with the transferors, not by operation of a statute. Moreover, to have standing, plaintiffs must belong to the class which is prejudiced by the statute. *Id.* at 119, 431 S.E.2d at 181. As set forth above, plaintiffs do not contend they are "taxpayers" under section 105-228.30. Accordingly, this assignment of error has no merit.

Based on our holding that plaintiffs lack standing, it is not necessary to reach plaintiffs' second assignment of error regarding Rule 12(b)(6). It is likewise unnecessary to address defendants' cross-assignments of error concerning the trial court's failure to include sovereign immunity or the six-month statute of repose in section 105-228.37 as additional bases for dismissal.

We affirm the trial court's order dismissing plaintiffs' complaint.

AFFIRMED.

Judges WALKER and McGEE concur.