MARQUIS D. STREET, PLAINTIFF ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY
SITUATED v. SMART CORPORATION, DEFENDANT

No. COA02-661

(Filed 15 April 2003)

**Parties— real party in interest—lack of standing**

The trial court did not err by granting defendant corpora-
tions's N.C.G.S. § 1A-1, Rule 12(b)(6) motion to dismiss plaintiff
personal injury attorney's complaint for lack of standing in an
action concerning defendant corporation's alleged overcharg-
ing for the purchase of photocopies of medical records for plain-
tiff's clients in excess of the amount allowable under N.C.G.S.
§ 90-411, because: (1) while plaintiff might have an interest in the
action based on the fact that he advanced certain costs on behalf
of his clients, he does not have an interest in the subject matter
of the litigation since he is not ultimately responsible for those
costs; (2) plaintiff will not benefit from or be injured by the judg-
ment since he is not ultimately responsible for the costs; and (3)
plaintiff is not the real party in interest, and the record does not
reflect any attempt on behalf of plaintiff or request by plaintiff to
substitute the real party in interest.

Appeal by plaintiff from order entered 4 April 2002 by Judge
Charles C. Lamm, Jr. in Guilford County Superior Court. Heard in the
Court of Appeals 24 February 2003.

*Donaldson & Black, P.A., by Arthur J. Donaldson and John T.
O'Neal, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, PLLC, by Hada V. Haulsee
and Michael Montecalvo, for defendant-appellee.*

EAGLES, Chief Judge.

Marquis D. Street ("plaintiff") appeals from the trial court's order
dismissing plaintiff's complaint because of lack of standing. After
careful consideration of the briefs and record, we affirm.

Plaintiff is a personal injury attorney and a resident of
Greensboro. Four individuals were injured in separate motor vehicle
accidents occurring from 31 December 1998 to 16 October 2000. Two
of the individuals received medical treatment from Moses H. Cone
Memorial Hospital and/or Moses Cone Health System, one received

STREET v. SMART CORP.

[157 N.C. App. 303 (2003)]

treatment from Southeastern Orthopaedic Specialists, and another received treatment from Wesley Long Hospital. The four individuals each retained plaintiff to represent them in their separate liability claims for personal injury. For each individual client, plaintiff, with proper authorization, requested his client's "medical records relating to the medical services rendered" by the respective medical treatment providers.

Smart Corporation ("defendant"), a California corporation, provides photocopies and reproductions of medical records for healthcare providers in North Carolina for a fee. Defendant provided photocopies of medical records for each of plaintiff's four clients. For each client's records, defendant sent plaintiff an invoice which was paid by plaintiff.

Plaintiff commenced this action alleging that defendant submitted invoices charging in excess of the amount allowable under North Carolina state law, G.S. § 90-411. Plaintiff also alleged that defendant's actions constituted an unfair and deceptive trade practice in violation of G.S. § 75-1.1. Defendant answered and raised several defenses including lack of standing, failure to name the real party in interest, and lack of subject matter jurisdiction.

Defendant moved to dismiss pursuant to the North Carolina Rules of Civil Procedure Rule 12(b)(1) and (6) alleging that "the [p]laintiff is not the real party in interest and therefore lacks standing," that "there is no private cause of action under [G.S.] § 90-411" and that "[p]laintiff's claims are barred by the voluntary payment doctrine." The trial court granted defendant's motion to dismiss with prejudice "on the grounds that the plaintiff is not the real party in interest and has no standing to prosecute this action." Plaintiff appeals.

On appeal, plaintiff contends that the trial court erred in granting defendant's Rule 12(b)(6) motion to dismiss because plaintiff is the real party in interest and does have standing. After careful consideration, we disagree and affirm.

Plaintiff argues that he is the direct purchaser of the photocopies of the medical records which provides him with standing. In the alternative, plaintiff argues that he is an indirect purchaser and would have standing in a state action. Plaintiff further argues that equity would dictate that he be allowed to pursue an action because he could be sued by defendant for not paying for the records. Also, plain-

tiff argues that instead of dismissing the action, the trial court should have continued the matter to allow the plaintiff to substitute the real party in interest. Though we are concerned with the cumulative effect of defendant's alleged overcharges, we are not persuaded.

Here, the trial court's order does not specify whether it applied Rule 12(b)(1) or (6). The trial court's order states that the motion to dismiss "is GRANTED and this action is dismissed with prejudice on the grounds that the plaintiff is not the real party in interest and has no standing to prosecute this action." We note that the plaintiff contends that the trial court erred in granting defendant's Rule 12(b)(6) motion to dismiss for lack of standing. However, defendant's motion to dismiss raises both Rule 12(b)(1) and (6) as grounds for dismissal. While the practical effect of either a Rule 12(b)(1) or 12(b)(6) dismissal of a complaint is the same, i.e. the case is dismissed, "the legal effect is quite different." *Cline v. Teich*, 92 N.C. App. 257, 263, 374 S.E.2d 462, 466 (1988). " '[A] *dismissal under b(1) is not on the merits and thus is not given res judicata effect.*' " *Id.* at 264, 374 S.E.2d at 466 (citation omitted) (emphasis in original). A Rule 12(b)(6) dismissal "is an adjudication on the merits" that "bars subsequent relitigation of the same claim." *Id.* Here, the trial court dismissed the action with prejudice. This implicates a Rule 12(b)(6), rather than a Rule 12(b)(1), dismissal.

"A lack of standing may be challenged by motion to dismiss for failure to state a claim upon which relief may be granted. Rule 12(b)(6) 'generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery.' " *Energy Investors Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 337, 525 S.E.2d 441, 445 (2000) (citations omitted). When deciding a Rule 12(b)(6) motion to dismiss, "all factual allegations in the complaint are taken to be true." *Cline*, 92 N.C. App. at 259, 374 S.E.2d at 463.

"Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy such that he or she may properly seek adjudication of the matter." *American Woodland Industries v. Tolson*, 155 N.C. App. 624, 626, 574 S.E.2d 55, 57 (2002). " 'Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction.' " *Neuse River Foundation, Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002) (quoting *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002)). "The gist of standing is whether there is a justiciable controversy being litigated among adverse parties with substantial interest affected so as

to bring forth a clear articulation of the issues before the court." *Texfi Industries v. City of Fayetteville*, 44 N.C. App. 268, 269-70, 261 S.E.2d 21, 23 (1979), *aff'd*, 301 N.C. 1, 269 S.E.2d 142 (1980). "Standing most often turns on whether the party has alleged 'injury in fact' in light of the applicable statutes or caselaw." *Neuse River Foundation, Inc.*, 155 N.C. App. at 114, 574 S.E.2d at 52.

"Every claim must be prosecuted in the name of the real party in interest." *Goodrich v. Rice*, 75 N.C. App. 530, 536, 331 S.E.2d 195, 199 (1985). *See also* G.S. § 1A-1, Rule 17(a) (2001); G.S. § 1-57 (2001). " ' "A real party in interest is a party who is benefited or injured by the judgment in the case. An interest which warrants making a person a party is not an interest in the action involved merely, but some interest in the subject-matter of the litigation." ' " *Energy Investors Fund, L.P.*, 351 N.C. at 337, 525 S.E.2d at 445 (citations omitted).

The Revised Rules of Professional Conduct of The North Carolina State Bar state: ·

> Rule 1.8 Conflict of interest: Prohibited transactions and other specific applications.
>
> . . . .
>
> (e) A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation except that a lawyer may advance court costs and expenses of litigation including expenses of investigation and medical examinations and cost of obtaining and presenting evidence, *provided the client remains ultimately liable for such costs and expenses.*

Rev. R. Prof. Conduct N.C. St. B. 1.8(e), 2003 Ann. R. (N.C.) 625 (emphasis added).

Here, the plaintiff alleged in his amended complaint that each of the four named clients were overcharged by defendant for photocopies of their medical records. Plaintiff further alleged that the "[p]laintiff, in order to obtain the medical records, paid the defendant's invoice in an amount in excess of amounts chargeable under N.C.G.S. 90-411." The plaintiff advanced the costs "in order to obtain the medical records" but the individual clients remain liable for those costs. While the plaintiff might have an interest in the action because he advanced certain costs on behalf of his clients, he does not have an interest in the subject matter of the litigation because he is not ultimately responsible for those costs. The plaintiff has not suffered

an injury and does not have standing to pursue this action. The plaintiff is not the real party in interest. The plaintiff will not benefit from or be injured by the judgment because he is not ultimately responsible for the costs.

The plaintiff cites *McCarthy v. Recordex Service, Inc.*, 80 F.3d 842 (3rd Cir. 1996) to support his contention that he has standing. In *McCarthy*, plaintiff-clients brought an action against defendants that included hospitals and medical records providers. *Id.* at 845. The issue there was "whether the plaintiff-clients, whose attorneys purchased photocopies of the clients' hospital records for the purpose of prosecuting their clients' personal injury and medical malpractice claims, have standing to bring an antitrust action against the sellers of the photocopies." *Id.* at 844. *McCarthy* held that the plaintiff-clients were not "direct purchasers" of the photocopies and lacked standing to bring a federal antitrust action. *Id.* The court noted that the plaintiff-clients' attorneys were the direct purchasers of the records. *Id.* at 852. *McCarthy* is distinguishable from this case. In *McCarthy*, the plaintiff-clients entered into contingent fee agreements with their respective attorneys. *Id.* at 845. The agreements provided that plaintiff-clients would not be responsible for reimbursing the law firms for advancing certain costs of litigation if the plaintiff-clients did not receive a monetary award. *Id.* at 845-46. The Pennsylvania Rules of Professional Conduct provide that "a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter." *Id.* at 858 n.2 (Stapleton, J., dissenting). Here, the Revised Rules of Professional Conduct of The North Carolina State Bar do not allow the reimbursement of costs advanced by an attorney to be contingent upon the outcome of the action. An attorney in North Carolina may only advance costs on behalf of a client so long as the plaintiff client remains ultimately liable for those costs. Rev. R. Prof. Conduct N.C. St. B. 1.8(e), 2003 Ann. R. (N.C.) 625.

In the alternative, the plaintiff argues that he is an indirect purchaser and would have standing in a state action. Plaintiff cites *Hyde v. Abbott Laboratories*, 123 N.C. App. 572, 473 S.E.2d 680, *disc. review denied*, 344 N.C. 734, 478 S.E.2d 5 (1996) in support of his argument. In *Hyde*, this Court held "that indirect purchasers have standing under [G.S.] § 75-16 to sue for Chapter 75 violations." *Id.* at 584, 473 S.E.2d at 688.

In *Hyde*, the plaintiffs were "indirect purchasers from the defendant manufacturers because they purchased infant formula

through parties other than the manufacturer." *Id.* at 574, 473 S.E.2d at 681-82. This Court further held that "the General Assembly clearly intended to expand the class of persons with standing to sue for a violation of Chapter 75 to include any *person who suffers an injury* under Chapter 75, regardless of whether that person purchased directly from the wrongdoer." *Id.* at 577, 473 S.E.2d at 684 (emphasis added).

Here, the plaintiff is not an indirect purchaser either. The plaintiff has not suffered an injury. He has advanced the costs of the medical records on behalf of his clients yet his clients remain ultimately liable for those costs.

Plaintiff also argues that *Gualtieri v. Burleson*, 84 N.C. App. 650, 353 S.E.2d 652, *disc. review denied*, 320 N.C. 168, 358 S.E.2d 50 (1987) supports his contention that he is the real party in interest and has standing. In *Gualtieri*, an expert witness sued an attorney to recover unpaid compensation for services rendered by the expert witness. *Id.* at 651, 353 S.E.2d at 653. On appeal, the defendant lawyer argued that he was "not liable because he 'identified himself as an attorney representing [his client],' thereby making 'it clear that he acted in a representative capacity for a disclosed principal.' " *Id.* at 653, 353 S.E.2d at 655. The *Gualtieri* court affirmed the trial court's conclusion that the "defendant [attorney] personally contracted to pay plaintiff [expert witness] for the services admittedly rendered." *Id.* The *Gualtieri* court noted that "[t]rial lawyers are always making contracts with court reporters, investigators, and experts" and that "there is no inhibition in the law against a lawyer contracting to pay for services needed in a case he is handling." *Id.* at 653-54, 353 S.E.2d at 655. The court further provided that the Rules of Professional Conduct of The North Carolina State Bar allow an attorney to "advance or guarantee litigation expenses for his clients, provided the client remains ultimately liable to him for such expenses." *Id.* at 654, 353 S.E.2d at 655. The court noted that the evidence did not show that plaintiff expert witness was aware of defendant attorney's client "as a hirer of expert services" or that defendant attorney's client "authorized defendant [attorney] to do so upon her credit." *Id.* The court stated that

> identifying himself as a lawyer with a disabled client, all that defendant did according to the evidence, was not sufficient in our opinion to establish that he was not the one contracting to pay for plaintiff's services. For when a lawyer hiring an expert to help

on a case says or does nothing to indicate that the obligation to pay is not his, the expert can reasonably assume, it seems to us, that the lawyer is acting openly and in good faith, rather than evasively, and that he is the contracting party, rather than a stranger he has had no contact with.

*Id.*

Here, plaintiff's amended complaint alleges that he represented the four clients. With each request for medical records, the plaintiff provided "the requisite client authorization for release of medical records." The issue is not whether the plaintiff contracted with the defendant to provide medical records, but whether the plaintiff has standing to sue the defendant for alleged overcharging of costs for which the plaintiff is not ultimately liable.

Plaintiff also argues that the trial court should have allowed a continuance for the plaintiff to substitute the real party in interest instead of dismissing the action. We do not agree.

Rule 17(a) of the North Carolina Rules of Civil Procedure states "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest *until a reasonable time has been allowed after objection* for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." G.S. § 1A-1, Rule 17(a) (emphasis added).

Here, the record does not reflect any attempt on behalf of plaintiff or request by plaintiff to substitute the real party in interest. The defendant raised the defense of real party in interest in their answer of 24 August 2001. Defendant moved to dismiss on 8 March 2002 and the trial court heard the motion in April 2002. Plaintiff was aware of the real party in interest defense for approximately seven months before the hearing based on defendant's answer and for approximately three weeks based on the motion to dismiss.

Here, the plaintiff has not personally suffered an injury because of the alleged overcharge for records. The plaintiff is relying on injuries that have been sustained by individuals plaintiff represents in an attorney-client relationship. Because of the Revised Rules of Professional Conduct, plaintiff cannot pay those costs on his clients' behalf, he may only advance the costs so long as his clients remain ultimately liable for them. Because the plaintiff here is not ultimately responsible for the costs, the plaintiff neither has standing to pursue the action nor is the real party in interest.

Accordingly, the decision of the trial court is affirmed.

Affirmed.

Judges MARTIN and GEER concur.