PROPERTY RIGHTS ADVOCACY GRP. v. TOWN OF LONG BEACH

[173 N.C. App. 180 (2005)]

PROPERTY RIGHTS ADVOCACY GROUP, ON BEHALF OF ITS MEMBERS AND OTHER SIMILARLY SITUATED REAL PROPERTY OWNERS AND TAXPAYERS OF AND IN THE TOWN OF OAK ISLAND, NORTH CAROLINA AND HONORABLE JAMES W. BETTER, INDIVIDUALLY, PLAINTIFFS v. TOWN OF LONG BEACH, A FORMER NORTH CAROLINA MUNICIPAL CORPORATION AND BODY POLITIC, NOW KNOWN AND REFERRED TO AS TOWN OF OAK ISLAND, A NORTH CAROLINA MUNICIPAL CORPORATION AND BODY POLITIC, AND SUCCESSOR IN INTEREST TO THE FORMER TOWN OF LONG BEACH; TOWN OF OAK ISLAND, A NORTH CAROLINA MUNICIPAL CORPORATION AND BODY POLITIC; THE STATE OF NORTH CAROLINA, DEFENDANTS

No. COA04-1374

(Filed 6 September 2005)

**1. Appeal and Error— lack of justiciable case or controversy—mootness**

Plaintiffs' appeal from a declaratory judgment entered 28 May 2004 declaring that neither the Long Beach Act authorizing the Town of Long Beach to pass ordinances providing for the development and operation of parks on municipal streets that dead-end on beaches, waterways, and at the ocean, nor the local ordinance designating as public parks all streets that dead-end into waterways in the Town of Long Beach, violated the North Carolina Constitution is dismissed, because: (1) the town's repeal of the local ordinance removes it as an issue for consideration by the Court of Appeals, and the constitutionality of the Long Beach Act is thus no longer before the Court of Appeals since there is no justiciable case or controversy concerning the Act; (2) a second local ordinance enacted by the town did not create any public parks or close any public streets, and is not the subject of this litigation; (3) notwithstanding plaintiffs' generalized concern that the municipality may, in the future, rely upon the Long Beach Act in such a way as to adversely affect their constitutional rights, such hypothetical circumstances do not constitute a justiciable case or controversy and (4) the constitutionality of the Long Beach Act, standing alone on the present facts, is not a cause for the courts.

**2. Appeal and Error— preservation of issues—failure to argue**

Although plaintiffs contend the trial court erred by awarding costs solely on the grounds that there was no motion before the court asking for costs and that the court had no statutory authority to tax costs to plaintiffs, this assignment of error is dismissed,

because: (1) plaintiffs did not argue either issue in their brief; and (2) questions raised by assignments of error but not discussed in a party's brief are deemed abandoned under N.C. R. App. P. 28(a).

Judge HUNTER dissenting.

Appeal by plaintiffs from judgment entered 28 May 2004 by Judge Robert F. Floyd, Jr., in Brunswick County Superior Court. Heard in the Court of Appeals 14 June 2005.

*Hedrick & Morton, L.L.P., by G. Grady Richardson, Jr., for plaintiffs-appellants.*

*Roger Lee Edwards for defendant-appellee Town of Long Beach, now Town of Oak Island.*

*Attorney General Roy Cooper, by Assistant Attorney General V. Lori Fuller, for defendant-appellee State of North Carolina.*

LEVINSON, Judge.

Plaintiffs appeal from declaratory judgment entered 28 May 2004. For the reasons that follow, their appeal is dismissed.

In August 1998 the North Carolina General Assembly enacted Session Law 1998-83 ("Long Beach Act"), authorizing the Town of Long Beach to "pass ordinances providing for the development and operation of parks on municipal streets . . . that dead-end on beaches, waterways, and at the ocean." Thereafter, the Town of Long Beach enacted an ordinance ("first local ordinance"), designating as "public parks" all street ends that "dead-end into waterways in the Town of Long Beach."

On 17 June 2002 plaintiffs filed a complaint against defendants, alleging, *inter alia*, that both the Long Beach Act and the first local ordinance violated N.C. Const. Art. II, § 24. Plaintiffs sought a declaratory judgment in accord with their legal position, and a permanent injunction prohibiting the Town from developing public street-end parks. Defendants denied that the Long Beach Act or the first local ordinance were unconstitutional.

On 31 January 2003, the trial court entered an order declaring in pertinent part that neither the Long Beach Act nor the local ordinance violated the North Carolina Constitution. Plaintiffs' appeal to this Court was dismissed as interlocutory, *see Prop. Rights Advocacy v. Beach*, 163 N.C. App. 205, 592 S.E.2d 619 (2004) (unpublished opin-

ion). Plaintiffs then filed a motion for a permanent injunction and a declaratory judgment, both pertaining to the first local ordinance. In an order entered 28 May 2004 the trial court denied plaintiffs' motion for a permanent injunction, declared both the Long Beach Act and the first local ordinance to be constitutional, and awarded costs to defendants. Plaintiffs timely appealed from this order.

On 13 July 2004, while plaintiffs' appeal was pending, the Town repealed the first local ordinance, replacing it with a new ordinance ("second local ordinance"). The second local ordinance recognized the Town's duty to follow relevant statutory and administrative procedures, and did not close any streets or create street-end public parks. Defendants later sought dismissal of plaintiffs' appeal, arguing that it was rendered moot by repeal of the first local ordinance. Plaintiffs have opposed dismissal.

---

[1] The issue of whether plaintiffs' appeal should be dismissed implicates interconnected issues of jurisdiction, standing, and mootness. Plaintiffs argue that several issues regarding the constitutionality of the Long Beach Act, and the determination of their rights if the town creates street-end parks in the future, "remain ripe before this Court." We disagree.

"Jurisdiction in North Carolina depends on the existence of a justiciable case or controversy." *Creek Pointe Homeowner's Ass'n v. Happ*, 146 N.C. App. 159, 164, 552 S.E.2d 220, 225 (2001). " 'To satisfy the jurisdictional requirement of an actual controversy, it must be shown in the complaint that litigation appears unavoidable. Mere apprehension or the mere threat of an action or suit is not enough.' " *State ex rel. Utils. Comm'n v. Carolina Water Serv., Inc.*, 149 N.C. App. 656, 658, 562 S.E.2d 60, 62-63 (2002) (quoting *Wendell v. Long*, 107 N.C. App. 80, 82-83, 418 S.E.2d 825, 826 (1992)).

Standing is another prerequisite to jurisdiction. "If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *Estate of Apple v. Commer. Courier Express, Inc.*, 168 N.C. App. 175, 177, 607 S.E.2d 14, 16 (citing *Neuse River Found., Inc. v. Smithfield Foods*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002)), *disc. review denied*, 359 N.C. 632, 613 S.E.2d 688 (2005). " 'Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy such that he or she may properly seek adjudication of the matter.' " *Street v. Smart Corp.*, 157 N.C. App. 303, 305, 578 S.E.2d 695, 698 (2003) (quoting *American*

*Woodland Industries v. Tolson*, 155 N.C. App. 624, 626, 574 S.E.2d 55, 57 (2002)). Accordingly, "[s]tanding to challenge the constitutionality of a legislative enactment exists where the litigant has suffered, or is likely to suffer, a direct injury as a result of the law's enforcement." *Maines v. City of Greensboro*, 300 N.C. 126, 130-31, 265 S.E.2d 155, 158 (1980).

"Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law." *In re Peoples*, 296 N.C. 109, 147-48, 250 S.E.2d 890, 912 (1978). Repeal of a challenged law generally renders moot the issue of the law's interpretation or constitutionality. *See State v. McCluney*, 280 N.C. 404, 407, 185 S.E.2d 870, 872 (1972) (holding that "repeal of [statute] renders moot the question of its constitutionality" and that "constitutionality of the [new] Act does not arise on this appeal[, and] . . . will be decided if and when it is presented.").

The parties agree that the Town's first local ordinance is no longer before this Court. Defendants argue that the relief sought by plaintiffs, a declaration that the first local ordinance is unconstitutional, "may not be granted in a declaratory judgment action where the ordinance no longer exists." Plaintiffs concede the "Town's repeal of the First ordinance removes it as an issue for consideration by this Court." We conclude that issues pertaining to the first local ordinance are no longer before us.

We also conclude that the constitutionality of the Long Beach Act is not before us because there is no justiciable case or controversy concerning the Long Beach Act.

As discussed, the first local ordinance is no longer an issue. As the parties have conceded, the validity of the first ordinance necessarily relied upon the validity of the Long Beach Act. The second local ordinance does not create any public parks or close any public streets, and is not the subject of this litigation. Notwithstanding plaintiffs' generalized concern that the municipality may, in the future, rely upon the Long Beach Act in such a way as to adversely affect their constitutional rights, such hypothetical circumstances do not constitute a justiciable case or controversy. And we are unpersuaded that the constitutionality of the Long Beach Act, standing alone, is, on the present facts, a cause for the courts. We conclude that there is no

longer a justiciable case or controversy between the parties. Accordingly, this Court lacks subject matter jurisdiction to review the constitutionality of the Long Beach Act.

[2] Finally, we conclude that the trial court's award of costs was not preserved for appellate review. Plaintiffs assigned error to the award of costs solely on the grounds that there was no motion before the court asking for costs, and that the court had "no statutory authority" to tax costs to plaintiffs. Plaintiffs did not argue either issue in their appellate brief. "Questions raised by assignments of error . . . [but not] discussed in a party's brief, are deemed abandoned." N.C.R. App. P. 28(a).

For the reasons discussed above, we conclude that plaintiffs' appeal must be

Dismissed.

Judge McGEE concurs.

Judge HUNTER dissents.

HUNTER, Judge, dissenting.

I respectfully dissent from the majority opinion as there remains an actual case and controversy as to whether the Long Beach Act is a constitutionally impermissible local act. Having so concluded, this appeal is justiciable and should be reviewed by this Court.

Defendants contend and the majority holds that plaintiffs' challenge to the Long Beach Act as a constitutionally impermissible local act does not constitute a justiciable case or controversy between the parties.[1] As the determination of the constitutionality of the Act is a threshold issue which would have a practical effect on the existing controversy, I disagree.

Plaintiffs seek a declaratory judgment as to the constitutionality of the statute on its face, contending that the statute violates Article II, Section 24 of the North Carolina Constitution, which prohibits certain local laws. "The purpose of the Declaratory Judgment Act is, 'to

---

1. As the majority's analysis focuses on the lack of a justiciable controversy, I address the issue of plaintiffs' standing only to note that as it is uncontested plaintiffs are property owners likely to suffer direct injury if the statute is enforced, plaintiffs have standing to initiate this action. *See Maines v. City of Greensboro*, 300 N.C. 126, 130-31, 265 S.E.2d 155, 158 (1980).

settle and afford relief from uncertainty and insecurity, with respect to rights, status, and other legal relations. . . .' It is to be liberally construed and administered." *Insurance Co. v. Roberts*, 261 N.C. 285, 287, 134 S.E.2d 654, 657 (1964) (citations omitted). Plaintiffs' original complaint challenged both the constitutionality of the Long Beach Act as an impermissible local act, as well as the ordinance passed pursuant to that statute by the Town of Long Beach. Plaintiffs have conceded that the first ordinance, repealed by the Town, is no longer before this Court. *See generally State v. McCluney*, 280 N.C. 404, 407, 185 S.E.2d 870, 872 (1972) (holding that repeal of a statute moots the issue of its constitutionality). However, they contend that their challenge to the constitutionality of the statute remains justiciable, as the Long Beach Act has not been repealed. Therefore, the critical question is whether the constitutionality of a statute is justiciable when the action the statute authorizes has not yet been implemented. Our Supreme Court addressed a case with a similar procedural posture in *Adams v. Dept. of N.E.R. and Everett v. Dept. of N.E.R.*, 295 N.C. 683, 249 S.E.2d 402 (1978).

In *Adams*, our Supreme Court considered an appeal by landowners as to the validity of the Coastal Area Management Act of 1974 ("CAMA"). The plaintiffs first challenged the constitutionality of CAMA as an impermissible local law, and made additional claims of alleged unconstitutional takings and searches by the implementing authority. *Id.* at 685-86, 249 S.E.2d at 404.

The Supreme Court first considered the challenge to the constitutionality of CAMA, stating:

" 'It is well settled in this State that the courts have the power, and it is their duty in proper cases, to declare an act of the General Assembly unconstitutional—but it must be plainly and clearly the case. If there is any reasonable doubt, it will be resolved in favor of the lawful exercise of their powers by the representatives of the people.' "

*Adams*, 295 N.C. at 689, 249 S.E.2d at 406 (quoting *Glenn v. Board of Education*, 210 N.C. 525, 529-30, 187 S.E. 781, 784 (1936)). " 'If there is a conflict between a statute and the Constitution, this Court must determine the rights and liabilities or duties of the litigants before it in accordance with the Constitution, because the Constitution is the superior rule of law in that situation.' " *Id.* at 690, 249 S.E.2d at 406 (citation omitted). The Court in *Adams* then concluded that the

statute in question was a general rather than local law. *Id.* at 696, 249 S.E.2d at 410.

The Court then addressed the plaintiffs' contentions that CAMA authorized an unconstitutional taking of land and warrantless search in violation of the Fourth Amendment. *Id.* at 702-03, 249 S.E.2d at 413. Those challenges arose from CAMA's authorization of the implementing authority to pass certain regulations and carry out certain investigations; however, such actions had not yet occurred at the time of the plaintiffs' suit. *Id.* at 704-05, 249 S.E.2d at 414-15. The Supreme Court found the plaintiffs' contentions that they would be denied land use permits and thus suffer a decrease in their land value, or would be subject to warrantless searches were speculative and premature. *Id.* at 705, 249 S.E.2d at 415. The Court, noting that " 'an action for a declaratory judgment will lie only in a case in which there is an actual or real existing controversy between parties having adverse interests in the matter in dispute[,]' " *id.* at 703, 249 S.E.2d at 413-14 (citation omitted), determined that the plaintiffs' claims as to the taking and search issues presented no justiciable controversy entitling the plaintiffs to relief under the Declaratory Judgment Act. *Id.* at 704, 249 S.E.2d at 415.

"A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Roberts v. Madison County Realtors Assn.,* 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996) (citation omitted). Here however, as the majority notes, both parties have conceded that the validity of the ordinance necessarily relies on the validity of the Long Beach Act. Without the authority of the Long Beach Act, defendants would be prohibited from creating parks on dead-end streets. *See Scronce v. Town of Long Beach,* 133 N.C. App. 190, 520 S.E.2d 609 (1999) (unpublished) (holding that the Town of Long Beach may not establish parks on dedicated street ends). We note that here, as in *Adams,* the determination of whether the statute is an impermissible local act is a threshold issue, and if this Court were to determine that the Act is unconstitutional on this ground, plaintiffs' additional claims as to the authorized ordinance would be effectively resolved. Thus, a determination of the constitutionality of the statute would have a practical effect on the existing controversy.

*Adams* clearly illustrates that our appellate courts have a duty to determine the rights and liabilities or duties of the litigants before it when there is a conflict between a statute and the Constitution, because the Constitution is the superior rule of law in that situation.

*Adams*, 295 N.C. at 690, 249 S.E.2d at 406. Therefore, as there remains an actual case and controversy between the parties as to the constitutionality of the statute, I respectfully dissent from the majority and find that this appeal is justiciable and should be reviewed before this Court.