An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-969

Filed 17 June 2026

Dare County, No. 22CVS000233-270

AMI HILL and MUSE ORIGINALS, LLC, Plaintiffs,

v.

TOWN OF KILL DEVIL HILLS, NORTH CAROLINA; DONNA ELLIOTT, MEREDITH GUNS, BOARD OF COMMISSIONERS OF THE TOWN OF KILL DEVIL HILLS, NORTH CAROLINA, Defendants.

Appeal by Plaintiffs from an order entered 19 May 2025 by Judge R. Andrew Womble in Dare County Superior Court. Heard in the North Carolina Court of Appeals on 3 June 2026.

*Pacific Legal Foundation, by Donna G. Matias and Caleb Trotter, pro hac vice and Davis Hartman Wright, LLP, by R. Daniel Gibson, for the plaintiffs-appellants.*

*Sharp, Graham, Baker & Varnell L.L.P., by Casey C. Varnell, for the defendants-appellees.*

WOOD, Judge.

Ami Hill and Muse Originals, LLC ("Plaintiffs") appeal from an order dismissing Plaintiffs' Complaint for Declaratory and Injunctive Relief against the Town of Kill Devil Hills, Donna Elliott, Meredith Guns, and the Board of

Commissioners of the Town of Kill Devil Hills ("Defendants") for (1) failure to exhaust the administrative remedies, (2) mootness due to the sale of #Bus252, and (3) the enabling statute N.C. Gen. Stat. § 160A-178 for the ordinance at issue bars the Plaintiffs' claim. After a thorough examination of the record, we reverse the trial court's order and remand to the trial court for consideration on the merits.

## I. Factual and Procedural Background

Ami Hill ("Hill") is the sole owner of Muse Originals, LLC. In 2017, Hill rented a commercial space in Kitty Hawk, North Carolina and opened an art gallery called Muse Originals OBX. The gallery featured the work of local artists and artisans.

In March 2020, the shutdowns due to the COVID-19 pandemic forced the gallery to close. In response, Hill launched an outdoor "pop-up" market called a "Muse Market" at which she would display and sell artwork out of her remodeled school bus ("#Bus252"), and Outer Banks artists could pay a small fee to set up tables or tents nearby to sell their works as well. The first Muse Market occurred in Kitty Hawk in June 2020.

In the summer of 2020, Hill was invited by a local restaurant in Kill Devil Hills to set up the Muse Market on their private property. Hill and the owner advertised the market on social media. The Kill Devil Hills Zoning Administrator, Donna Elliott ("Elliott"), saw the ad and contacted Hill. Elliott informed Hill that the event was not allowed in the summer months, she would not issue a permit for it, and Elliott would send the police if Hill proceeded with the event. Hill canceled the event.

During the fall and winter of 2020 and early spring of 2021, Hill applied for charitable special event permits multiple times, all of which were granted. However, when Hill completed the same form for events in the summer of 2021 all permits were denied because charitable special events with for-profit vendors are allowed only in Kill Devil Hills between 30 September and 1 May. Meredith Guns, planning director, informed Hill that she could ask the Board of Commissioners for a non-charitable special event permit. Hill completed the non-charitable special event application and submitted it for consideration by the Board of Commissioners.

On 25 May 2022, Hill's petition was heard by the Board of Commissioners. The Board voted to deny the permit.

On 7 June 2022, Hill filed the Complaint for Declaratory and Injunctive Relief at issue here. She alleges claims under the North Carolina Constitution, *Corum* claims, stating that Ch. 111, § 111 of the Kill Devil Hills Code of Ordinances is unconstitutional under (1) Fruits of Their Own Labor, (2) Law of the Land, and (3) Equal Protection both on its face and as applied to Plaintiffs.

On 12 September 2022, Defendants filed a Motion to Dismiss and Answer.

In November 2024, due to difficulties operating in the Kill Devil Hills town limits, Muse Originals sold #Bus252 to another local vendor. However, Muse Originals remains in business and continues to operate markets elsewhere.

On 3 January 2025, Plaintiffs filed a Motion for Summary Judgment.

The Motion for Summary Judgment came on for hearing on 17 March 2025. Attorneys for both Plaintiffs and Defendants made arguments. However, the trial court did not rule on summary judgment. Instead, the trial court dismissed the case for (1) failure to exhaust the administrative remedies, (2) mootness due to the sale of #Bus252, and (3) the enabling statute N.C. Gen. Stat. § 160A-178 for the ordinance at issue bars Plaintiffs' claim. The trial court filed the order 19 May 2025. Plaintiffs gave notice of appeal on 12 June 2025.

## II.    Analysis

Plaintiffs raise three issues on appeal. Plaintiffs argue the trial court erred by dismissing their claims because (1) failure to exhaust the administrative remedies is not required for *Corum* claims, (2) the claim is not moot due to the sale of #Bus252 a business asset but not the business itself, which still operates, and (3) the enabling statute, N.C. Gen. Stat. § 160A-178, for the ordinance at issue cannot bar the Plaintiffs' constitutional claims. After a careful review of the record, we reverse the trial court's order and remand to the trial court for consideration on the merits.

### A. Failure to exhaust administrative remedies.

Plaintiffs argue and Defendants concede that exhaustion of administrative remedies is not required when the constitutionality of an ordinance is challenged. This Court has held "[w]here an aggrieved party challenges the constitutionality of a regulation or statute, administrative remedies are deemed to be inadequate and exhaustion thereof is not required." *Shell Island Homeowners Ass'n, Inc. v.*

*Tomlinson*, 134 N.C. App. 217, 224, 517 S.E.2d 406, 412 (1999).  More recently, the Supreme Court clarified its holding stating, "[e]xhaustion of administrative remedies does not dictate jurisdiction over *Corum* claims.  That authority flows from the Constitution itself.  To ensure that North Carolinians 'may seek to redress all constitutional violations,' *Corum* creates a unique path into court when existing channels fail to offer an adequate remedy."  *Askew v. City of Kinston*, 386 N.C. 286, 287, 902 S.E.2d 722, 724 (2024) (internal citation omitted) (quoting *Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 342, 678 S.E.2d 351, 357 (2009)).  The Supreme Court explained,

> [t]he availability of agency relief goes to an element of a plaintiff's cause of action—i.e., whether *Corum* offers a direct constitutional claim because existing relief falls short.  That a court may hear the case does not, of course, mean the plaintiff will win other pretrial motions, defeat affirmative defenses, or ultimately succeed on the merits of his case.  But those eventualities turn on the merits of the claim, not the courts' power to hear it at all.  For that reason, *Corum* does not shut the courthouse doors merely because a plaintiff did not deplete administrative relief.

*Askew*, 386 N.C. at 301, 902 S.E.2d at 733 (cleaned up).  The Supreme Court determined "*Corum* requires courts to disaggregate 'the right[s] violated,' the constitutional harms alleged, and the 'appropriate remedy' on 'the facts of the particular case[.]'" *Askew*, 386 N.C. at 294, 902 S.E.2d at 729 (quoting *Simeon v. Hardin*, 339 N.C. 358, 373, 451 S.E.2d 858, 869 (1994)).  Therefore, the trial court must consider each discrete *Corum* claim individually to determine "whether the

review and relief afforded by the administrative process is an effective stand-in for a direct constitutional suit" and cannot just give a "blanket jurisdictional mandate" based on failure to exhaust administrative remedies. The trial court's determination to dismiss for failure to exhaust administrative remedies is error.

### B. Mootness

Next, Plaintiffs argue and Defendants concede that Plaintiffs' sale of #Bus252 does not automatically render the litigation moot when Plaintiffs' business remains in operation and remains interested in conducting business within Kill Devil Hills.

"A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Cumberland Cnty. Hosp. Sys., Inc. v. N.C. Dep't of Health & Hum. Servs.*, 242 N.C. App. 524, 528, 776 S.E.2d 329, 333 (2015). This is because, "courts will not entertain an action merely to determine abstract propositions of law." *Simeon v. Hardin*, 339 N.C. 358, 370, 451 S.E.2d 858, 866 (1994). "Repeal of a challenged law generally renders moot the issue of the law's interpretation or constitutionality." *Prop. Rts. Advoc. Grp. ex rel. Its Members v. Town of Long Beach*, 173 N.C. App. 180, 183, 617 S.E.2d 715, 718 (2005).

In the case *sub judice*, the ordinance in question, Ch. 111, § 111 of the Kill Devil Hills Code of Ordinances, is still in existence. Plaintiffs' business Muse Originals is still in business as an itinerant vendor putting on "Muse Markets" and Kill Devil Hills continues to restrict Plaintiffs' operation of business during the "high

season" due to its ordinance which Plaintiffs allege is unconstitutional. As conceded, the controversy clearly still exists; therefore, the trial court also erred by dismissing it as moot.

### C. Enabling Statute

Finally, the trial court dismissed the claims, in the alternative, because "N.C. Gen. Stat. [§] 160A-178, being the enabling statute under which Defendants adopted the ordinance . . . bars the Plaintiffs' claims due to the explicit and unconditional language contained in said statute." Defendants try to support the trial court's dismissal in their twenty-page argument by explaining why they believe the ordinance is constitutional. However, whether the ordinance is constitutional was not fully argued at the trial court and cannot now be argued on appeal. This was made clear by our Supreme Court in *City of Durham v. Manson*, 285 N.C. 741, 743, 208 S.E.2d 662, 664 (1974), "[s]ince the constitutionality of the statute in question was not passed upon in the trial court, it was not properly before the Court of Appeals and is not now properly before us." The argument may have been brought in the trial court but, because the case was dismissed on procedural grounds, the trial court never "passed upon" the constitutionality of the statute therefore it cannot be considered for the first time on appeal. *Id.* The failure to argue the constitutionality of the ordinance in the trial court notwithstanding, the trial court found the wording of the enabling statute bars a constitutional argument against a town ordinance. We disagree.

In enacting N.C. Gen. Stat. § 160A-174(b), our legislature addresses the issue of "general ordinance-making power," stating,

> (b) A city ordinance shall be consistent with the Constitution and laws of North Carolina and of the United States. An ordinance is not consistent with State or federal law when:
>
> (1) The ordinance infringes a liberty guaranteed to the people by the State or federal Constitution;

N.C. Gen. Stat. § 160A-174. The legislature clearly recognized a city ordinance must be consistent with our state constitution. If a city passes an ordinance which purports to infringe on a constitutional right, "the state judiciary that has the responsibility to protect the state constitutional rights of the citizens; this obligation to protect the fundamental rights of individuals is as old as the State." *Corum v. Univ. of N.C.*, 330 N.C. 761, 783, 413 S.E.2d 276, 290 (1992).

The judiciary carries out the obligation and responsibility to protect individuals' rights under the state constitution by adjudicating constitutional claims. Our Courts have considered the constitutionality of multiple ordinances under other enabling statutes and found them to be unconstitutional. *See King v. Town of Chapel Hill*, 367 N.C. 400, 413, 758 S.E.2d 364, 374 (2014); *Treants Enters., Inc. v. Onslow Cnty.*, 83 N.C. App. 345, 357, 350 S.E.2d 365, 373 (1986), *aff'd*, 320 N.C. 776, 360 S.E.2d 783 (1987); *State v. Garren*, 117 N.C. App. 393, 399, 451 S.E.2d 315, 319 (1994). While North Carolina state courts may not have heard a constitutional challenge brought against an ordinance enabled by N.C. Gen. Stat. § 160A-178, the

federal court in the western district of North Carolina has. *Carolina Action v. Pickard*, 465 F. Supp. 576, 582 (W.D.N.C. 1979). In *Carolina Action* the federal district court found Charlotte Code § 2-30, which was enabled by N.C. Gen. Stat. § 160A-178, to be unconstitutional and enjoined it from further enforcement. *Id.*

It is a fundamental duty of our state courts to hear constitutional cases concerning ordinances alleged to infringe upon individuals' fundamental rights. The trial court may not bar its doors based on "the wording of the enabling statute"; it must first hear the arguments before determining the merits of the claim. It was error for the trial court to dismiss the claim without adjudicating Plaintiffs' constitutional claims.

## Conclusion

Upon careful review of the record, we conclude the trial court erred in dismissing Plaintiffs' claims. *Corum* claims do not require exhaustion of administrative remedies; the sale of one business asset does not make a business's constitutional claims moot; and the enabling statute N.C. Gen. Stat. § 160A-178 does not bar constitutional claims. Therefore, we reverse the trial court's dismissal and remand for consideration on the merits of Plaintiffs' constitutional claims.

REVERSED AND REMANDED.

Judge TYSON concurs.

Judge FLOOD concurs in result only.

Report per Rule 30(e).