BEACHCOMBER PROPERTIES, L.L.C., PLAINTIFF v. STATION ONE, INC., MILTON M. FAULK, AND WIFE, ANGELA P. FAULK, RICHARD F. CODY AND WIFE, JANET B. CODY, DEFENDANTS

No. COA03-1443

(Filed 19 April 2005)

**Declaratory Judgments; Housing— standing—conversion of condo to time share—no existing purchase contract or ownership**

The trial court properly granted defendant-Station One's motion to dismiss for failure to state a claim upon which relief may be granted where plaintiff had entered into a contract to purchase a Station One condo, with the intent to convert the

property to a timeshare; Station One amended its Homeowner's Declaration to prohibit time share ownership; the contract to purchase the condo was terminated; and plaintiff subsequently filed this complaint seeking a declaratory judgment. At the time this complaint was filed, plaintiff was neither a property owner nor a party to a contract to purchase, had no legally protected interest, and lacked standing.

Appeal by plaintiff from an order filed 22 August 2003 by Judge Russell J. Lanier in New Hanover County Superior Court. Heard in the Court of Appeals 16 June 2004.

*Shipman & Associates, L.L.P., by Gary K. Shipman and William G. Wright for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Jeffrey H. Blackwell and Shelley W. Coleman, for defendant-appellee Station One, Inc.*

BRYANT, Judge.

Beachcomber Properties, L.L.C. (plaintiff) appeals from an order filed 22 August 2003 granting a motion to dismiss in favor of Station One Homeowners Association (Station One, defendant[1]).

Plaintiff filed an action for declaratory judgment and damages for tortious interference with contractual relations, arising out of Station One's adoption of an "Amendment to the Declaration of the Home Owners Association" (amendment). The amendment prohibits the transfer of "any or all of [an] interest in a Unit in the form of a Time Share or permit [a] Unit to be a part of a Time Share Program." Plaintiff contends that Station One unlawfully imposed a restraint on alienation and transfer of real property and therefore, the amendment should be void and unenforceable.

Defendants Richard F. Cody and wife Janet B. Cody (defendant Codys) are residents of Frederick County, Maryland who own Station One Condominium Unit 8-J, located in the Town of Wrightsville Beach, New Hanover County, North Carolina (the property). Station One is a North Carolina non-profit corporation, operating as the homeowners association of the property owners of Station One

---

1. In addition to Station One, Milton M. and Angela P. Faulk, and Richard F. and Janet B. Cody were named defendants in plaintiff's 30 July 2003 Amended Declaratory Judgment Complaint.

Condominium and Town Home Complex (the Complex) located at Wrightsville Beach.

On 26 December 2002, the Codys entered into an offer to purchase and contract with plaintiff to sell the property. On 21 January 2003, plaintiff informed Station One it intended to purchase the property and offer the same for sale to multiple parties, and thus convert the property to a timeshare. Plaintiff also informed Station One that it had prospective purchasers who were willing and able to purchase timeshares once the Cody sale was completed.

Thereafter, Station One through its general manager, circulated a letter dated 21 January 2003 to its members advising the owners of properties of the following:

> A matter has arisen which is of great urgency to Station One. The Board has received information that a unit, the sale of which is pending, is to be converted to a time-share. The Board is concerned that this may be a first move towards the conversion of additional units to time-shares as well, which could adversely affect the value of your unit. Conversion of Station One units to time-shares could create real problems with the management and quality of your property.

> The Board has adopted a proposed amendment to the Declaration of Condominium for the purpose of preventing Station One units from being converted to time-share units. To amend the Declaration requires a vote of at least 2/3 of the total vote that may be cast, either by proxy or in person. A special meeting has been called specifically to vote on adopting the amendment. The meeting will be held Saturday, February 8, 2003 at 4:00 in the Social Room.

> Please complete and return the attached proxy, either by fax . . . or by mail in the enclosed stamped envelope, immediately. Time is of the essence. You should return the proxy even if you plan to attend the meeting. . . .

On 8 February 2003, Station One held its meeting of homeowners with knowledge of the contract between plaintiff and defendant Codys. The Station One homeowners voted to amend the Declaration to prohibit any unit holder from transferring "any or all of his or her interest in a Unit in the form of a Time Share or permit his or her Unit to be a part of a Time Share Program." Station One recorded the

BEACHCOMBER PROPS., L.L.C. v. STATION ONE, INC.

[169 N.C. App. 820 (2005)]

amendment to the Declaration at the New Hanover County Register of Deeds on or about 10 February 2003.

On 14 February 2003, the contract between the Codys and the plaintiff was terminated due to prohibited use of the property as a timeshare unit. Plaintiff contends it intended to fulfill its contractual obligations with the Codys, but for the acts of Station One. Further, plaintiff contends it would have purchased or would have been actively seeking to purchase other condominiums within the complex to convert them into timeshares, but for the actions of Station One.

On 20 March 2003, plaintiff filed a complaint against Station One and the Faulks. On 27 May 2003, Station One responded by filing a motion to dismiss. On 30 July 2003, plaintiff amended its complaint by adding the Codys as defendants to the action. On 6 August and 18 August 2003, plaintiffs took a voluntary dismissal without prejudice as to the Faulks and Codys, respectively.

On 22 August 2003 the trial court entered an order granting Station One's motion to dismiss. Plaintiff appealed.

———————————————

The sole issue we address is whether plaintiff had standing to bring an action for declaratory judgment against Station One.

"Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy such that he or she may properly seek adjudication of the matter." *Street v. Smart Corp.*, 157 N.C. App. 303, 305, 578 S.E.2d 695, 698 (2003) (quoting *Am. Woodland Indus., Inc. v. Tolson*, 155 N.C. App. 624, 574 S.E.2d 55, 57 (2002)). A party seeking standing has the burden of proving three necessary elements:

(1) "injury in fact"—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114, 574 S.E.2d 48, 52 (2002), *review denied*, 356 N.C. 675, 577 S.E.2d 628 (2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 119 L. Ed. 2d 351, 364 (1992)). Here, plaintiff has the burden of proving standing exists. *Am. Woodland Indus., Inc.*, 155 N.C. App. at 627, 574 S.E.2d at 57. A party has standing to initiate a lawsuit if he

is a real party in interest. *Energy Investors Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 337, 525 S.E.2d 441, 445 (2000) (citations omitted). A real party in interest is one who benefits from or is harmed by the outcome of the case and by substantive law has the legal right to enforce the claim in question. *Id.*

In the present case, plaintiff has no legally protected interest, or "injury in fact," and therefore lacks standing to bring this declaratory action against defendant. On 20 March 2003, at the filing of this complaint, plaintiff was neither a party to a contract to purchase the Codys' condominium, nor the property owner. "Absent an enforceable contract right, an action for declaratory relief to construe or apply a contract will not lie." *Terrell v. Lawyers Mut. Liab. Ins. Co.*, 131 N.C. App. 655, 661, 507 S.E.2d 923, 926 (1998) (citations omitted). Plaintiff had no legally protected right to challenge the amendment which prevented units within Station One's complex from being converted into timeshares. Although plaintiff had entered into an offer to purchase contract for the Codys' condominium, intending to convert the unit into a timeshare, the record indicates the contract was terminated on 14 February 2003. Thereafter, on 20 March 2003, plaintiff commenced this action. Perhaps the Codys, who at all times owned the condominium, had standing to bring a declaratory action against Station One. However, plaintiffs, as potential purchasers, did not have standing.

N.C. Gen. Stat. § 47A-28(b) provides "[a]ll agreements, decisions and determinations lawfully made by the association of [condominium] unit owners in accordance with the voting percentages established in the Article, declaration or bylaws, shall be deemed to be binding on all unit owners." N.C.G.S. § 47A-28(b) (2003).

> The rights and duties of condominium unit owners under Chapter 47A of the North Carolina General Statutes are not the same as those of real property owners at common law. Recognizing the interest that all unit owners have in the operation of their mutually owned enterprise, the Chapter permits restrictions to be imposed by the declaration or recorded instrument which submits the property to the provisions of the Chapter and permits the unit owners to amend the declaration by following the procedures prescribed and makes the rules so adopted binding upon all owners involved.

*McElveen-Hunter v. Fountain Manor Ass'n*, 96 N.C. App. 627, 629, 386 S.E.2d 435, 436 (1989), *aff'd per curiam*, 328 N.C. 84, 399 S.E.2d

112 (1991). Furthermore, a duly adopted declaration amendment in a condominium complex is binding upon owners who bought their units before the amendment was adopted. *Id.* Therefore, despite plaintiff's argument to the contrary, without a legally protected interest in the property, plaintiff cannot achieve the relief it now seeks. Consequently, plaintiff has failed to satisfy its burden of showing it had standing to bring an action against Station One for the amendment prohibiting timeshare units on the property. The trial court properly granted Station One's motion to dismiss for failure to state a claim upon which relief may be granted.

Affirmed.

Judges McCULLOUGH and STEELMAN concur.