Talisman Software, Sys. & Servs., Inc. v. Atkins, 2015 NCBC 104.

STATE OF NORTH CAROLINA

COUNTY OF DURHAM

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 5834

TALISMAN SOFTWARE, SYSTEMS & SERVICES, INC.,
        Plaintiff,

v.

CHARLES ATKINS,
        Defendant.

)
)`
)
)
)
)
)
)
)

OPINION AND ORDER

THIS CAUSE was designated a mandatory complex business case by Order of the Chief Justice of the North Carolina Supreme Court pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, references to the North Carolina General Statutes will be to "G.S."), and assigned to the undersigned Special Superior Court Judge for Complex Business Cases.

THIS MATTER comes before the Court upon Plaintiff's Motion to Dismiss Defendant's Counterclaims ("Motion to Dismiss") pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)").  On July 20, 2015, the Court held a hearing on the Motion.

THE COURT, having reviewed the Motion to Dismiss, the briefs in support of and in opposition to the Motion to Dismiss, the arguments of counsel at a hearing, and other appropriate matters of record, CONCLUDES as follows.

> *Robinson Bradshaw & Hinson, P.A., by Adam K. Doerr, Esq. and Stephen M. Cox, Esq., for Plaintiff.*

> *Charles A. Atkins, appearing* pro se.

McGuire, Judge.

PROCEDURAL HISTORY

1.      On December 16, 2014, Plaintiff Talisman Software, Systems & Services, Inc. ("Talisman Software") filed its Verified Complaint against Defendant Charles Atkins ("Atkins").  Atkins is the former President and CEO of Talisman Software.  Plaintiff's action

was designated No. 14 CVS 5834 by the Clerk of Superior Court of Durham County. The Complaint alleges claims against Atkins for Breach of Fiduciary Duty, Conversion, Breach of Contract, Constructive Trust, and Fraudulent Misrepresentation. Plaintiff's claims in this lawsuit arise from Atkins tenure as President and CEO, and from the resolution of a prior lawsuit filed by Atkins against Talisman Software's directors, Robert Gresham Gray ("Gray") and Adam Kantor ("Kantor").[1]

2.      On February 16, 2015, Atkins filed his Verified Defenses, Answer and Counterclaims. Atkins alleged counterclaims against Talisman Software, and purported to bring claims against Gray, Kantor, and Talisman Environmental Services Limited ("TES")[2] (collectively, "Counterclaim Defendant(s)"[3]) Atkins attempts to allege claims for breach of fiduciary duties, declaratory judgment, constructive fraud, breach of contract, unjust enrichment, civil conspiracy, conversion, and constructive trust. Atkins also seeks a Preliminary Injunction restraining the Counterclaim Defendants from "taking any actions which would damage the Talisman Companies or the value of the shareholders['] interests."[4]

3.      On April 6, 2015, Talisman Software filed its Motion to Dismiss and a memorandum in support. On May 11, 2015, Atkins filed Defendant's Motion to Dismiss Plaintiff's Complaint and Answer to Plaintiff's Motion to Dismiss Defendant's Counterclaims.

4.      The Motion to Dismiss has been fully briefed and argued and is ripe for determination.

---

[1] The prior lawsuit was *Talisman Software Systems & Services, Inc. and Charles Atkins v. Robert Gray and Adam Kantor*, Durham Co. No. 14 CVS 2136. That lawsuit was subsequently designated to this Court.

[2] At the hearing on the Motion to Dismiss, Atkins conceded that he had not served Gray, Kantor or TES with process.

[3] The purported claims against Gray and Kantor, who are not Plaintiffs in this lawsuit, are best characterized as third-party claims and not counterclaims. Nevertheless, for ease of reference the Court uses the collective "Counterclaim Defendants").

[4] Countercl. ¶ 44. In the Second Defense contained in his Verified Defenses, Answer and Counterclaims, Atkins defines "the Talisman Companies" to refer collectively to Talisman Software and TES.

FACTUAL ALLEGATIONS

In his counterclaims, Atkins alleges that:

5.    In 2008, Atkins and Richard Grogan ("Grogan") formed Talisman Software.[5] On June 12, 2009, a certificate of incorporation for Talisman Software was filed with the State of Delaware.  Talisman Software subsequently registered to do business in North Carolina.[6]

6.    Gray expressed an interest in investing in Talisman Software,[7] and on June 9, 2010, Atkins, Grogan, and Gray negotiated and formed TES as a parent holding company. On June 9, 2010, Atkins, Grogan, TES, and three other business entities entered into a "Shareholders Agreement."[8]  Talisman Software was not a party to the Shareholders Agreement.  The Shareholders Agreement provided, *inter alia*, that Atkins's and Grogan's interests would control 50% of the shares of TES, and that Gray's interests would control 50% of the shares TES.[9]

7.    TES owns 100% of Talisman Software, and TES controls and is responsible for voting all shares of Talisman Software.[10] On June 9, 2010, Talisman Software and Atkins entered into an Employment Agreement under which Atkins became the President and CEO of Talisman Software.

8.    Gray later gained control of TES in violation of the Shareholders Agreement. Atkins and Grogan have protested Gray's improper actions, but Gray "continues to act in bad

---

[5] *Id.* ¶ 7.
[6] *Id.* ¶ 9.
[7] *Id.* ¶ 11.
[8] *Id.* ¶ 11, Exh. 2
[9] *Id.* ¶ 12.
[10] Countercl. ¶ 6.

faith, with unclean hands in an *ultra vire*s manner that is contrary to the best interests of the shareholders."[11]

9.      Gray also "improperly and in contravention of the Shareholder Agreements (*sic*) purported to obtain control of the board of [Talisman Software] by appointing himself and his assistant, Adam Kantor as the only two directors of [Talisman Software]."[12]

10.     In early 2014, Gray and Kantor attempted to remove Atkins as President and CEO of Talisman Software.[13]  Atkins alleges that since that time Gray and Kantor "have taken steps to loot the assets of [Talisman Software]" and that "funds of [Talisman Software] have and will continue to be improperly transferred out of the country until they are ordered to comply with the terms of the Shareholder Agreements (*sic*)."[14]

11.     On February 26, 2014, Atkins brought suit in Durham County Superior Court (14 CVS 2136) against Gray and Kantor as the directors of Talisman Software ("First Lawsuit").  During the course of the First Lawsuit, Atkins returned to Talisman Software certain money he had transferred out of its accounts, and agreed to resign as President and CEO of Talisman Software.  Atkins's claims in the First Lawsuit ultimately were dismissed without prejudice.

12.     On December 16, 2014, Talisman Software filed this lawsuit against Atkins alleging that Atkins misappropriated approximately $75,000 from Talisman Software that Atkins did not return as part of the resolution of the First Lawsuit.

## ANALYSIS

*Atkins's Failure to Serve Counterclaims on Gray, Kantor, and TES*

---

[11] *Id.* ¶¶ 16 – 17 (emphasis in original).
[12] *Id.* ¶ 21.
[13] *Id.* ¶ 23.
[14] *Id.* ¶¶ 24-25.

13.     Atkins purports to bring claims against Gray, Kantor, and TES, but concedes that he has not properly served them with process. "It is well established that a court may obtain personal jurisdiction over a defendant only by the issuance of summons and service of process by one of the statutorily specified methods." *Glover v. Farmer*, 127 N.C. App. 488, 490 (1997). "Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." *Id.*; *see also* G.S. § 1A-1, Rule 4.

14.     Based upon Atkins's concession that he has not effectuated service on anyone other than Talisman Software, the Court concludes that Gray, Kantor, and TES are not properly before the Court, and that any claims against them should be DISMISSED without prejudice.

*Rule 12(b)(6) Legal Standard*

15.     A Rule 12(b)(6) motion to dismiss tests "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670 (1987) (citation omitted). The allegations should be construed liberally, and the court should not dismiss the complaint unless "it appears certain that [the claimant] could prove no set of facts which would entitle [it] to relief under some legal theory." *Fussell v. N.C. Farm Bureau Mut. Ins. Co.*, 364 N.C. 222, 225 (2010). Dismissal under Rule 12(b)(6) is proper when one of the following conditions is met: "(1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278 (1985) (citations omitted).

Breach of Fiduciary Duty.

16.     Atkins's first counterclaim is for "Breach of Fiduciary Duty Against Gray and Kantor." The Court has dismissed Gray and Kantor based on Atkins' failure to serve them. Accordingly, to the extent Atkins alleges this claim against Talisman Software, Talisman Software's Motion to Dismiss Atkins's first counterclaim for breach of fiduciary duty should be GRANTED. To the extent Atkins asserts this claim against Gray and Kantor, who are not properly before the Court, this claim should be DISMISSED without prejudice.

Declaratory Judgment

17.     Atkins's second counterclaim for declaratory judgment specifically requests:

[t]hat the Court determine whether the constitution of the Boards of the Talisman Companies is lawful and appropriate[;] whether the appointment of Gray and Kantor as directors of Talisman was lawful and proper; whether the actions taken by [Gray and Kantor] in their capacity of officers and directors of the Talisman Companies were valid and proper; and the various and respective rights, authority and obligations of the parties.[15]

18.     As a preliminary matter, the Court notes that to the extent Atkins defines the "the Talisman Companies" as including TES, TES is not a party to this lawsuit and this Court has no jurisdiction over TES. Accordingly, to the extent Atkins seeks a declaration regarding the rights or relations between himself and any entity other than Talisman Software, Atkins's second counterclaim for declaratory judgment should be DISMISSED without prejudice. Further, to the extent Atkins seeks a declaration regarding the appointment of and the actions taken by Gray and Kantor, who are not properly before the Court, Atkins's second counterclaim for declaratory judgment should be DISMISSED without prejudice

19.     Talisman Software contends that Atkins's counterclaim seeking a declaratory judgment against it must be dismissed because Atkins is not a shareholder of Talisman Software and therefore lacks standing to assert the claim. Under North Carolina law, a declaratory judgment is a statutory remedy that grants a court the authority to "declare

---

[15] *Id.* ¶ 11.

rights, status, and other legal relations" when an "actual controversy" exists between parties to a lawsuit. G.S. § 1-253; *Pine Knoll Shores v. Carolina Water Serv., Inc.*, 128 N.C. App. 321, 321 (1998).

20.     A party must have standing to bring a declaratory judgment action. *Beachcomber Prop., LLC v. Station One, Inc.*, 169 N.C. App. 820, 823-24 (2005). The burden of proving that standing exists rests on the party seeking the declaratory judgment. *Id.* In order to have standing, one must be a real party in interest, meaning that he will benefit from or be harmed by the outcome of the case and by substantive law has the legal right to enforce the claim in question. *Id.* (citing *Energy Investors Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 337 (2000)). A party must prove three requirements to establish standing:

> (1) "injury in fact" – an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114 (2002) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

21.     In this case, Atkins must prove that he has standing to bring a declaratory judgment claim against Talisman Software. The declarations Atkins seeks are actually directed primarily at determining the rights and legal relations as between Atkins, Gray and Kantor with regard to the Shareholders Agreement. Although Atkins was a party to the Shareholders Agreement, Talisman Software was not a party to that agreement. Accordingly, any injury Atkins may have suffered as a result of violation of the Shareholders Agreement is not "fairly traceable to the challenged action of [Talisman Software]." *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. at 114.

22. Atkins also lacks standing to pursue declaratory relief against Talisman Software regarding alleged actions taken by Gray and Kantor as directors. Atkins is not a direct shareholder of Talisman Software.[16] Atkins fails to identify any other basis for the Court to enter a declaratory judgment regarding the relations between Talisman Software and its directors. Accordingly, Atkins does not have a legally protected interest in Talisman Software, one of the central requirements for standing in a declaratory judgment ruling. *Beachcomber Prop.* 169 N.C. App. at 823-24.

23. Consequently, Atkins has failed to satisfy his burden of showing he has standing to bring an action for a declaratory judgment. Therefore, Talisman Software's Motion to Dismiss Atkins's second counterclaim for declaratory judgment should be GRANTED.

Constructive Fraud

24. In his third counterclaim for constructive fraud, Atkins alleges that "a relationship of trust and confidence existed between [himself] and the Counterclaim Defendants,"[17] who used their positions to cause him "to provide services to Counterclaim Defendants without fair market compensation . . ."[18] To the extent that Atkins alleges this counterclaim against Gray, Kantor, and TES, it should be DISMISSED without prejudice. Only the counterclaim against Talisman Software remains. Talisman Software contends that Atkins's counterclaim for constructive fraud fails as a matter of law and should be dismissed because Talisman Software did not owe Atkins a fiduciary duty.

25. A cause of action for constructive fraud must allege (1) the existence of a relationship of trust and confidence, (2) the defendant took advantage of that relationship to

---

[16] Atkins claims to be a shareholder in TES, which owns Talisman Software. At the hearing, however, Atkins conceded he is not a shareholder of Talisman Software.
[17] Countercl. ¶ 13.
[18] *Id.* ¶ 14.

benefit himself, and (3) the plaintiff was consequently injured. *Kingsdown, Inc., v. Hinshaw*, 2015 NCBC LEXIS 30, *24 (N.C. Super. Ct. 2015) (citing *White v. Consol. Planning, Inc.*, 166 N.C. App. 283, 294 (2004)). Accordingly, "[t]he existence of a fiduciary relationship is an element of a constructive fraud claim." *Id.* (citing *White*, 166 N.C. App. at 294-95; *Keener Lumber Co. v. Perry*, 149 N.C. App. 19, 28 (2002) (holding that a constructive fraud claim "must show (1) the existence of a fiduciary duty, and (2) a breach of that duty.")).

26.     In North Carolina, while directors and officers of a corporation generally owe a fiduciary duty *to the corporation*, *Keener Lumber Co. v. Perry*, 149 N.C. App. 19, 26 (2002) (citing *Underwood v. Stafford*, 270 N.C. 700, 703 (1967); emphasis in original), a corporation does not owe a reciprocal fiduciary duty to its directors and officers. *Kingsdown, Inc., v. Hinshaw*, 2015 NCBC LEXIS at *27, n. 9 (in North Carolina, a corporation does not owe a fiduciary duty to its officers).

27.     Here, Atkins is a former officer of Talisman Software, but Talisman Software did not owe Atkins a fiduciary duty as the corporation's officer. Without a fiduciary duty, Atkins has no claim for constructive fraud against Talisman Software. *Kingsdown*, 2015 NCBC LEXIS at *26 ("Having failed to show that a fiduciary relationship existed with [plaintiff], the Court concludes that [defendant's] claim for constructive fraud fails as a matter of law and should be dismissed with prejudice."); *Maurer v. SlickEdit, Inc.*, 2005 NCBC LEXIS 2, *31 (N.C. Super. Ct. 2005). Accordingly, Talisman Software's Motion to Dismiss Atkins' third counterclaim for constructive fraud should be GRANTED.

Breach of Contract

28.     Atkins alleges that Counterclaim Defendants breached the "Talisman Companies shareholder agreement (*sic*), by-law agreement, subscription agreement, and

other fundamental constitutional corporate documents."[19]  To the extent that Atkins alleges this counterclaim against Gray, Kantor, and TES, it should be DISMISSED without prejudice. Only the claim against Talisman Software remains.  Talisman Software contends that it is not a party to any of the alleged agreements, and accordingly, cannot be held liable for breach of contract.  In his counterclaims and in response to the Motion to Dismiss, Atkins has failed to identify any shareholder, subscription, or by-law agreements between himself and Talisman Software.[20]  Having failed to allege that Talisman Software was a party to the shareholder agreement, by-law agreement, or subscription agreement, Talisman Software's Motion to Dismiss Atkins's fourth counterclaim for breach of contract should be GRANTED.

Unjust Enrichment

29.     Atkins's fifth counterclaim is for "unjust enrichment/contract implied at law." Atkins alleges that he "directly and through related consulting companies rendered a series of services to Counterclaim Defendants," which they voluntarily accepted and for which Atkins expected to be paid, and that the Counterclaim Defendants were unjustly enriched thereby.[21]  Atkins, however, does not allege what specific "services" he rendered or to which Counterclaim Defendants he rendered such services. Talisman Software contends that it had an actual employment contract with Atkins, and that the existence of that contract bars Atkins's counterclaim for unjust enrichment as a matter of law.

30.     To the extent that Atkins's asserts this counterclaim against Gray, Kantor, and TES, this counterclaim against should be DISMISSED without prejudice as Gray,

---

[19] *Id.* ¶ 16.
[20] The shareholder agreement and other documents attached to Atkins's counterclaims show that Talisman Software was not a party to the shareholder agreement, by-law agreement, or the subscription agreement.
[21] Countercl. ¶¶ 20-23.

Kantor, and TES are not properly before the Court. Only the claim against Talisman Software remains.

31. A claim for unjust enrichment:

> Is neither in tort nor contract but is described as a claim in quasi contract or a contract implied in law. A quasi contract or a contract implied in law is not a contract. The claim is not based on a promise but is imposed by law to prevent an unjust enrichment. If there is a contract between the parties the contract governs the claim and the law will not imply a contract.

*Booe v. Shadrick*, 322 N.C. 567, 570 (1988); *see also Delta Envtl. Consultants of N.C., Inc. v. Wysong & Miles Co.*, 132 N.C. App. 160, 165 (1999) (citing *Booe* and holding that the existence of a contract precludes a claim for unjust enrichment).

32. An employment contract may be express or implied-in-fact. *Archer v. Rockingham Cnty.*, 144 N.C. App. 550, 557 (2001). When an employee serving under an express contract continues his employment after the term of that contract expires, an implied contract is created.

> [W]hen, upon the expiration of a contract of employment for a definite term, the employee continues to render the same services as he rendered during the term of the contract without expressly entering into any new agreement, it will be presumed that he is serving under a new contract having the same terms and conditions as the original one and provisions and restrictions forming essential parts of the original contract, even though collateral to the employment itself, continue in force.

*George v. LeBeau*, 455 F.3d 92, 94 (2d. Cir. 2006); *see also* 30 C.J.S. Employer—Employee § 32 ("As a general rule, where one enters into the service of another for a definite period and continues in the employment after the expiration of that period without any new contract, the presumption is that the employment is continued on the terms of the original contract."); 1 Williston on Contracts § 4:23 (4th ed.) ("[S]hould the parties continue their relation after the expiration of the first period, another contract, implied in fact, would arise for another similar period."). The North Carolina Supreme Court has held:

[A] contract implied in fact arises where the intent of the parties is not expressed, but an agreement in fact, creating an obligation, is implied or presumed from their acts. Such an implied contract is as valid and enforceable as an express contract. Except for the method of proving the fact of mutual assent, there is no difference in the legal effect of express contracts and contracts implied in fact.

*Creech v. Melnik*, 347 N.C. 520, 526-527 (N.C. 1998) (citing *Snyder v. Freeman*, 300 N.C. 204, 217, 266 S.E.2d 593, 602 (1980)).

33.     On June 9, 2010, Atkins entered into a written Employment Agreement with Talisman Software to serve as its President and CEO for a salary of $250,000.[22]   The Employment Agreement provided that it would extend to August 31, 2010, and again to October 30, 2010, while the parties attempted to negotiate a "replacement employment agreement."[23]   Atkins claims that the written Employment Agreement "terminated on October 30, 2010,"[24] and there is no allegation that the parties ever entered into a new written employment agreement.  Nevertheless, Atkins continued to serve as President and CEO of Talisman Software following the termination date in the original contract between the parties.  Atkins alleges that he was "the sole employee and the sole executive management officer of Talisman,"[25] and that he continued acting "pursuant to the authority granted to him as CEO and President of Talisman" at various points in 2014, including as late as March 10, 2014.[26]  Atkins continued to work for Talisman until he resigned at the conclusion of the First Suit in March 2014.[27]

---

[22] *See* Ex. B to Atkins's Ex. 4. In Atkins's counterclaims, he does not allege a breach of his Employment Agreement against Talisman Software.
[23] *Id.*
[24] Atkins' Br. in Opp. 12.
[25] Countercl. ¶ 24.
[26] *See, e.g.* Answer ¶¶ 19, 42, and 47.
[27] *See* Answer ¶ 66, at 20 (quoting Defendant's resignation letter, which states that he is "hereby resigning as an employee of [Plaintiff] effective as of March 31st, 2014"); *see also* Order ¶ 2, Durham County Case No. 14-CVS-2136 (N.C. Super. Ct. Mar. 6, 2014) (providing that "Mr. Atkins shall remain an employee of Talisman, subject to the management direction and control of Mr. Gray and Mr. Kantor, in their roles as directors of the company, and receive an annualized salary of $250,000 . . . .")

34. The Employment Agreement between Talisman Software and Atkins's precludes his claim for unjust enrichment. *Delta Envtl. Consultants of N.C.*, 132 N.C. App. at 165. Accordingly, Talisman Software's Motion to Dismiss Atkins's sixth counterclaim for unjust enrichment should be GRANTED.

Conversion

35. In his seventh counterclaim, Atkins alleges that "Counterclaim Defendants have wrongfully converted the Talisman Companies' property and assets by unlawfully assuming and exercising a right of ownership without legitimate authority."[28] The allegations appear to be directed at Gray and Kantor, who already have been dismissed. To the extent Atkins asserts this counterclaim against Gray, Kantor, and TES, it should be DISMISSED without prejudice.

36. Accordingly, only the claim against Talisman Software remains. The allegations do not explain how Talisman Software could have converted any property of the "Talisman Companies," and Talisman Software clearly could not have converted its own property. In his Brief, Atkins argues that he owns 25% of the stock in TES, and suggests that he should be allowed to bring an action against "the majority shareholders."[29] As previously noted, however, Atkins is not a shareholder in Talisman Software, and TES is not a party to this lawsuit. Therefore, the seventh counterclaim fails to allege facts supporting a claim for conversion against Talisman Software, and Talisman Software's Motion to Dismiss Atkins's seventh counterclaim for conversion should be GRANTED.

Constructive Trust

37. In addition, Atkins alleges a counterclaim for constructive trust (which he also has labeled as his seventh counterclaim). Atkins alleges that Gray and Kantor breached

---

[28] Countercl. ¶ 30.
[29] Atkins Br. in Opp. 15-16.

fiduciary duties and engaged in misconduct regarding assets of the "Talisman Companies" and that "[t]he Talisman Companies is (*sic*) entitled to establishment of a constructive trust over all funds . . . diverted and misappropriated by . . . Gray and Kantor."[30]

38.    A constructive trust, under North Carolina law, is:

> a duty, or relationship, imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through fraud, breach of duty or some other circumstance making it inequitable for him to retain it against the claim of the beneficiary of the constructive trust.

*Wilson v. Crab Orchard Dev. Co.*, 276 N.C. 198, 211 (1970). Gray and Kantor are not parties to this lawsuit, and Atkins has not alleged facts that would support imposition of a constructive trust in this case. Therefore, as Gray and Kantor are not properly before the Court, this claim should be DISMISSED without prejudice. To the extent Atkins asserts this counterclaim against Talisman Software, Talisman Software's Motion to Dismiss Atkins's counterclaim for constructive trust should be GRANTED.

Civil Conspiracy

39.    Atkins's sixth counterclaim is for civil conspiracy. Atkins alleges that "Counterclaim Defendants entered into an agreement between themselves and/or other third parties to breach their fiduciary duties with Atkins and related entities and shareholders and to engage in unfair or deceptive practices in violation of N.C. Gen. Stat. § 75-1.1."[31] Atkins alleges that they "committed overt acts in furtherance of this agreement" and as a result, Atkins suffered damages.[32] As Gray, Kantor, and TES are not properly before the Court, Atkins's civil conspiracy counterclaim against them is DISMISSED without prejudice. Only the civil conspiracy counterclaim against Talisman Software remains.

---

[30] Countercl. ¶¶ 33–42.
[31] *Id.* ¶ 25.
[32] *Id.* ¶¶ 26, 27.

40.     There are three elements of a claim for civil conspiracy: (1) two or more persons agree to do a wrongful act; (2) those persons commit an overt act in furtherance of the agreement; and (3) the plaintiff is harmed as a result. *Kingsdown*, 2015 NCBC LEXIS at *34. (citing *Pleasant Valley Promenade v. Lechmere, Inc.*, 120 N.C. App. 650, 657 (1995)). An independent cause of action for civil conspiracy is not recognized in North Carolina. *Toomer v. Garrett*, 155 N.C. App. 462, 483 (2002). "Only where there is an underlying claim for unlawful conduct can a plaintiff state a claim for civil conspiracy . . . ." *Id.*

41.     All of Atkins's claims that could provide the underlying "unlawful act" to support a claim of civil conspiracy have been dismissed. Accordingly, the Court concludes that Atkins's civil conspiracy counterclaim against Talisman Software fails, and Talisman Software's Motion to Dismiss Atkins's sixth counterclaim for civil conspiracy should be GRANTED.

42.     Talisman Software further argues that to the extent Atkins's conspiracy claim attempts to state a claim for unfair or deceptive trade practices under G.S. § 75-1.1, it is also subject to dismissal because it fails to allege conduct "in or affecting commerce."

43.      This statute targets "unfair or deceptive acts or practices in or affecting commerce[.]"  G.S. § 75-1.1(a)(2014).  While the statute "broadly defines "commerce" to include 'all business activities, however denominated,' our Courts have long held that the statute 'is not intended to apply to all wrongs in a business setting.'" *Kingsdown*, 2015 NCBC LEXIS at *28 (quoting *HAJMM Co. v. House of Raeford Farms Inc.*, 328 N.C. 578, 593 (1991)). "To establish the "commerce" requirement, the defendant's conduct must affect commerce in a commercial setting, . . . not in a private relationship type setting such as corporate governance issues, . . . securities transactions, . . . or disputes arising from employment[.]" *McKee v. James*, 2014 NCBC LEXIS 74, *40, (N.C. Super. Ct. 2014) (internal citation omitted). "In short, the statute applies to '(1) interactions between businesses, and (2)

interactions between businesses and consumers.'" *Kingsdown*, 2015 NCBC LEXIS at *28 (quoting *White v. Thompson*, 364 N.C. 47, 52 (2010)). In addition, our Courts "have consistently held that the employer/employee relationship does not fall within the intended scope and purpose of [G.S. §75-1.1]." *Kinesis Adver., Inc. v. Hill*, 187 N.C. App. 1, 21 (2007).

44.     Here, the conduct which Atkins complains is the same sort of conduct he alleges in support of his counterclaim for breach of fiduciary duty. This conduct arises out of Atkins's employment as President and CEO of Talisman Software and only implicates internal business disputes. Atkins has failed to allege in what manner Talisman Software's alleged conduct affects commerce or how this conduct gives rise to a cognizable claim under G.S. § 75-1.1. Accordingly, the Court concludes that to the extent that Atkins attempts to allege a claim for unfair and deceptive trade practices under G.S. § 75-1.1 against Talisman Software, Talisman Software's Motion to Dismiss should be GRANTED.

THEREFORE, IT IS ORDERED, based upon the foregoing FINDINGS and CONCLUSION, that:

45.     Talisman Software's Motion to Dismiss is GRANTED as to Defendant Atkins's First, Second, Third, Fourth Fifth, Sixth, and Seventh Counterclaims for Breach of Fiduciary Duty, Declaratory Judgment, Constructive Fraud, Breach of Contract, Unjust Enrichment, Civil Conspiracy, Conversion, and Constructive Trust, to the extent that Atkins asserts these Counterclaims against Talisman Software.

46.     Any claims Atkins asserts against Gray, Kantor, and TES are not properly before the Court, as Atkins conceded that he has not effectuated service on anyone other than Talisman Software, and should be DISMISSED without prejudice.

This the 18th day of November, 2015.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge
  for Complex Business Cases