IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-947

Filed: 15 December 2020

Forsyth County, No. 19 CVS 725

UNITED DAUGHTERS OF THE CONFEDERACY, NORTH CAROLINA DIVISION, INC., and JAMES B. GORDON CHAPTER #211 OF THE UNITED DAUGHTERS OF THE CONFEDERACY, NORTH CAROLINA DIVISION, INC., Plaintiffs,

v.

CITY OF WINSTON-SALEM, by and through ALLEN JOINES, MAYOR OF WINSTON-SALEM, NORTH CAROLINA, COUNTY OF FORSYTH, by and through DAVID R. PLYER, CHAIRMAN OF THE BOARD OF COMMISSIONERS, and WINSTON COURTHOUSE, LLC, Defendants.

Appeal by plaintiff from order entered 8 May 2019 by Judge Eric C. Morgan in Forsyth County Superior Court. Heard in the Court of Appeals 17 March 2020.

*James A. Davis & Associates, by James A. Davis, and James B. Wilson & Associates, by James Barrett Wilson, Jr., for plaintiff-appellant United Daughters of the Confederacy, North Carolina Division, Inc.*

*City Attorney Angela I. Carmon, and Assistant City Attorney Anargiros N. Kontos, for defendant-appellee City of Winston-Salem.*

*B. Gordon Watkins III for defendant-appellee Forsyth County.*

*Allman Spry Davis Leggett & Crumpler, P.A., by Jodi D. Hildebran, for defendant-appellee Winston Courthouse, LLC.*

BRYANT, Judge.

Where the trial court dismissed plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6), we hold that it did not err in dismissing the complaint with prejudice on the basis of Rule 12(b)(6). Where the allegations in plaintiff's complaint—taken as

admitted—failed to allege an injury in fact, the trial court did not err in granting defendants' motions to dismiss the complaint for failure to state a claim. Accordingly, we affirm the order of the trial court.

*Factual and Procedural Background*

On 31 January 2019, plaintiff United Daughters of the Confederacy, North Carolina Division, Inc., filed a verified complaint in Forsyth County Superior Court seeking a declaratory judgment against defendants City of Winston-Salem, by and through Allen Joines, its mayor, and Forsyth County, by and through David R. Plyer, chair of the Board of Commissioners. In its complaint, plaintiff alleged that in 1903, the James B. Gordon Chapter #211 (of plaintiff organization) sought to place a confederate monument, a statue, in Courthouse Square in Winston, North Carolina, and in 1905, the Forsyth County Board of Commissioners granted permission to do so. The Forsyth County Courthouse was nominated to the National Registry of Historic Places in 2012, and the nomination was accepted in 2013. In 2014, the property designated as the Courthouse, with the exception of a plaque inside the building and a buried time capsule, was conveyed to Winston Courthouse, LLC by Forsyth County.[1] In April of 2017, Mayor Joines agreed to move the statue to the Salem Cemetery, and on 31 December 2018, the City and Mayor Joines contacted

---

[1] The trial court subsequently found that "public monuments located outside of the building on the land" were likewise exempted from the transfer.

plaintiff and informed plaintiff that it had until 31 January 2019 to remove the statue. Plaintiff sought a declaratory judgment to determine the rights of the parties with respect to the statue. Contemporaneously, plaintiff also filed a motion for a temporary restraining order and preliminary injunction, to prevent the relocation of the statue pending the litigation. The trial court denied the motion for a temporary restraining order.

On 6 February 2019, plaintiff filed a verified amended complaint joining James B. Gordon Chapter #211 of the United Daughters of the Confederacy, North Carolina Division, Inc., as a plaintiff[2] and Winston Courthouse, LLC, as a defendant. The amended complaint combined the two prior pleadings seeking a declaratory judgment and a preliminary injunction. Plaintiff also filed a separate amended motion for preliminary injunction.

On 8 March 2019, the City filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure, alleging a lack of subject matter jurisdiction and failure to state a claim, respectively. Specifically, the City argued that plaintiff did not claim to own the statue or the real property beneath it, that plaintiff failed to forecast evidence that the County owned the statue, and that plaintiff, in fact, had conveyed the statue to a third party. Accordingly, plaintiff

---

[2] On 1 May, 2019, James B. Gordon Chapter #211 of the United Daughters of the Confederacy, North Carolina Division, Inc., filed a voluntarily dismissal. As such, we will refer only to the initial plaintiff, United Daughters of the Confederacy, North Carolina Division, Inc., throughout this opinion.

lacked standing to bring the action regarding the removal of the statue. The City further noted that plaintiff's statutory argument regarding statues on public property did not apply, because the real property on which the statue stood was not public property; the land was owned by Winston Courthouse, LLC. Finally, because plaintiff did not assert ownership of the statue, and the City and Winston Courthouse, LLC, planned to remove the statue for safety reasons, the City argued that plaintiff failed to show "a violation of [its] legal rights, and [has] therefore failed to state a claim for relief[.]" The County and Winston Courthouse, LLC, filed similar motions to dismiss plaintiff's action.

On 20 March 2019, plaintiff filed a second amended motion for preliminary injunction alleging that the City had removed the statue. Plaintiff sought the injunction to force the City to return the statue to Courthouse Square.

On 8 May 2019, the trial court entered an order on defendants' motions to dismiss. The court found that plaintiff did not claim ownership of the statue and in fact, never alleged any rights. The court concluded that plaintiff's membership requirement of genealogical relationship to a Confederate soldier was insufficient to convey standing, that plaintiff did not allege ownership or any "other legally enforceable right" to the statue sufficient to convey standing, and that plaintiff failed to establish "that there [wa]s any injury in fact that [wa]s either concrete or particularized to this specific plaintiff." The court therefore held that plaintiff lacked

4

standing, and granted defendants' motions to dismiss pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction. Further, the court granted defendants' motions to dismiss pursuant to Rule 12(b)(6), for failure to state a claim on which relief could be granted. Accordingly, the trial court dismissed plaintiff's amended complaint with prejudice.

Plaintiff appeals.

_____

In two separate arguments, plaintiff contends that the trial court erred by granting defendants' motion to dismiss the complaint. We address each in turn.

Standard of Review

"This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

Dismissal With Prejudice

In its first argument, plaintiff contends the trial court erred by dismissing the complaint with prejudice. We disagree.

Plaintiff argues that a court "cannot dismiss a complaint with prejudice if it has held that it lacks jurisdiction over the proceeding." In support of this contention, plaintiff cites this Court's opinion in *Cline v. Teich*, 92 N.C. App. 257, 374 S.E.2d 462

(1988). In *Cline*, the spouse of an incompetent brought a claim in district court seeking an award of support from the incompetent's estate. The incompetent's guardian moved to dismiss the complaint pursuant to Rule 12(b)(6) based on the existence of a premarital agreement, and the trial court granted the motion. The spouse appealed. On appeal, this Court held that the district court lacked jurisdiction in this matter altogether, for while a district court has jurisdiction over the question of alimony, the superior court has jurisdiction over the estates of incompetents. Where no divorce was alleged or sought, this was an issue of an incompetent's estate, and thus, the district court lacked jurisdiction to hear it. Therefore, this Court vacated the decision of the trial court and remanded the matter with instructions to dismiss the complaint for lack of subject matter jurisdiction.

Plaintiff contends this case stands for the principle that it is improper to dismiss a complaint with prejudice when jurisdiction is lacking. This is an incomplete statement of law, as well as an inaccurate statement of the holding in *Cline*. Plaintiff argues, albeit circuitously, that a dismissal with prejudice operates as an adjudication on the merits, while a dismissal on the basis of subject matter jurisdiction does not. This much is true. However, that does not preclude the outcome in this case.

In *Street v. Smart Corp.*, 157 N.C. App. 303, 578 S.E.2d 695 (2003), the defendant moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6).

The trial court granted the motion to dismiss dismissing the action with prejudice based on lack of standing. The plaintiff appealed, and this Court held that the trial court's dismissal with prejudice, which operated as an adjudication on the merits, "implicate[d] a Rule 12(b)(6), rather than a Rule 12(b)(1), dismissal." *Id.* at 305, 578 S.E.2d at 698. Key to the holding was that while dismissal pursuant to Rule 12(b)(1) did not operate as an adjudication on the merits, dismissal pursuant to Rule 12(b)(6) did, and the latter remedies any error with regard to the former. We ultimately affirmed the trial court's decision.

Thus, even assuming *arguendo* that it was improper to dismiss the complaint with prejudice on the basis of Rule 12(b)(1), it was not improper to do so on the basis of Rule 12(b)(6), which operates as an adjudication on the merits. Defendants did indeed move for dismissal pursuant to both Rules 12(b)(1) and 12(b)(6), and the trial court granted dismissal on both bases. We therefore hold that the trial court did not err in dismissing the complaint with prejudice pursuant to Rule 12(b)(6), and that any error in doing so pursuant to Rule 12(b)(1) was rendered harmless as a result.

## Standing

In its second argument, plaintiff contends the trial court erred in dismissing the complaint based on a lack of standing. We disagree.

Through several arguments, plaintiff contends that dismissal for lack of standing was inappropriate because plaintiff was entitled to adjudicate the issue of

7

ownership rights in the statue. We disagree. Plaintiff's complaint, on its face, established no basis for ownership or any other interest in a statue which plaintiff did not claim to own, and which was located on privately-owned property.

To establish standing, a plaintiff must demonstrate three things: injury in fact, a concrete and actual invasion of a legally protected interest; the traceability of the injury to a defendant's actions; and the probability that the injury can be redressed by a favorable decision. *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114, 574 S.E.2d 48, 51–52 (2002). The mere filing of a declaratory judgment is not sufficient, on its own, to grant a plaintiff standing. *See Beachcomber Prop., L.L.C. v. Station One, Inc.*, 169 N.C. App. 820, 824, 611 S.E.2d 191, 194 (holding that a plaintiff who lacked "injury in fact" lacked standing to bring a declaratory judgment action).

Thus, to pursue a declaratory judgment as to its rights in the statue, plaintiff had to show, at the very least, that it possessed some rights in the statue—a legally protected interest invaded by defendants' conduct. In an attempt to make such a showing, plaintiff cites this Court's opinion in *Metcalf v. Black Dog Realty, LLC*, 200 N.C. App. 619, 684 S.E.2d 709 (2009). In that case, the plaintiffs sought to challenge, by declaratory judgment, Buncombe County's sale of a lot on property that had been dedicated for public use. The defendant, Black Dog Realty, moved to dismiss the complaint for lack of standing, which the trial court denied. On appeal, we examined

the issue of standing. We noted that the plaintiffs failed to show standing in their pleadings. However, we were presented with a quandary: Black Dog Realty had filed a counterclaim to quiet title, which raised identical legal issues. We resolved this dilemma by treating the plaintiffs' complaint and Black Dog Realty's counterclaim as a claim to quiet title and held that the trial court did not err in denying the motion to dismiss for lack of standing.

However, *Metcalf* is inapposite to the present case. In *Metcalf*, we specifically held that the plaintiffs failed to show standing. The only reason their claim was permitted to proceed was the counterclaim filed by the defendant raised identical legal issues. In the instant case, as in *Metcalf*, plaintiff has failed to show standing. However, here, there is no counterclaim keeping plaintiff's complaint alive.

Further, aside from acknowledging their role in funding the erection of the statue over a century ago, plaintiffs alleged no ownership rights to the statue. Every case and statute cited by plaintiffs stands for the principle that, when a city or county acts in the manner described in plaintiff's complaint, *the owner of affected property* has rights that are implicated. Plaintiff has failed to demonstrate or allege any legal interest in the statue.

"In ruling on the motion [to dismiss] the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v.*

*Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citation omitted), *disapproved on other grounds in Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1987). What matters here, and what was relevant to the trial court's consideration, was one question: Whether plaintiff, in its complaint, alleged standing. Viewing the allegations in plaintiff's complaint as true, we hold that the complaint fails to allege an actual ownership right or legal interest in the statue. Notwithstanding plaintiff's contentions on appeal as to what defendants did or the implications thereof, nowhere in plaintiff's complaint was a legal interest alleged. This is the first element of standing, and it is key: A plaintiff must allege an "injury in fact." *See Neuse River Found., Inc.*, 155 N.C. App. at 114, 574 S.E.2d at 51–52. Plaintiff failed to do so.

The dissent cites to several statutes including our General Statutes, Chapter 100 ("Monuments, Memorials and Parks"), as well as 18 U.S.C. § 1369 ("Destruction of veterans' memorials") and 36 CFR § 60.15 ("Removing properties from the national register"). We note that with the exception of N.C. Gen. Stat. § 100-2.1 (which was presented and considered in regard to plaintiff's standing argument), these authorities and arguments were not presented before this Court on appeal. Further, the dissent also cites to biblical passages that were not a part of the record nor presented to this Court on appeal. "It is not the role of the appellate courts, however, to create an appeal for an appellant." *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (per curiam).

Accordingly, we hold that the trial court did not err by granting defendants'

Rule 12(b)(6) motions to dismiss plaintiff's complaint for lack of standing.

AFFIRMED.

Judge ARROWOOD concurs.

Judge TYSON dissents by separate opinion.

TYSON, Judge, dissenting.

The majority's opinion erroneously affirms the trial court's order granting Defendants' Rule 12(b)(1) and (6) motions to dismiss and holds the United Daughters of the Confederacy, North Carolina Division, Inc ("the Daughters") do not possess standing and their complaint fails for lack of subject matter jurisdiction. N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (2019). The majority's opinion then presumes jurisdiction and standing, yet dismisses the Daughters' complaint with prejudice for failure to state a claim upon which relief can be granted. N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2019).

Reviewing the allegations in the light most favorable to Plaintiff and taking the Daughters' assertions as true, their complaint properly asserts standing, invokes the superior court's jurisdiction, and states a claim upon which relief can be granted to survive Defendants' Rule 12(b)(1) and (6) motions to dismiss. I also write separately to address the pre-emptive and unlawful actions of the City of Winston-Salem. I vote to reverse the order to dismiss and remand. I respectfully dissent.

## I. Background

The Daughters is an active entity in good standing chartered by the North Carolina Secretary of State as a North Carolina non-profit corporation on 16 September 1992. The Daughters qualified as a 26 U.S.C. § 501(c)(3) (2018) non-profit entity by the United States Department of the Treasury, Internal Revenue Service.

The Daughters' stated purpose in its charter is for "historical, benevolent, memorial, educational and patriotic programs, plan events and scholarships[.]"

In 1905, the Daughters and members of its James B. Gordon Chapter solicited and raised contributions, paid for, and erected a granite statue of an unidentified, common, and representative soldier and veteran as a memorial and war grave to Forsyth County soldiers killed and not returned home and veterans wounded and dead in the Civil War, mounted on an inscribed stone base ("Memorial"). The Forsyth County Board of Commissioners by order dated 20 March 1905 accepted the Memorial to be prominently placed on the grounds of the then Forsyth County Courthouse ("Courthouse property"). The Lieutenant Governor of North Carolina, Francis D. Winston, attended and addressed the dedication ceremony and presented the Memorial on behalf of the Daughters, followed by a reception with over 600 individuals in attendance.

The Courthouse property ceased to be used as the Forsyth County Courthouse in 1974. It housed Forsyth County offices for the next thirty years until 2004 when a new county office building was erected. The former Forsyth County Courthouse, including the grounds and all improvements thereon, including the Memorial, was nominated by the county and state to be placed and listed on the National Registry of Historic Places in 2012.

The application and nomination for the National Registry of Historic Places describes the Memorial as a "contributing" factor to the historical significance of the historic property to be qualified and listed in the National Register and describes the Memorial as follows:

> This monument stands at the northwestern corner of the block and memorializes the Confederate dead from Forsyth County. Erected in 1905 by the James B. Gordon Chapter of the United Daughters of the Confederacy, the monument faces northwest. The monument is executed in granite and consists of a sculpture of a man in a Confederate uniform with a rifle on a stone pedestal. The tall pedestal is composed of a rusticated stepped base, a smooth block with the words 'Our Confederate Dead' in relief, and a short shaft with a smooth surface with an incised inscription with the date and organization that erected the statue. This is topped with a projecting section with a medallion on each side. Above this the shaft tapers terminating in a base that holds the statue of the Confederate soldier. The upper shaft has a bas relief shield on the front.

A. Reservation of the Memorial to Forsyth County

In 2014, the Courthouse property was conveyed by the Forsyth County Commission to Winston Courthouse, LLC, with exemption from the conveyance and the express reservation to Forsyth County of a plaque mounted inside the building, a buried time capsule, and "public monuments located outside of the building on the land" from the transfer. Winston Courthouse, LLC asserted in its pleadings: "The Deed did not convey ownership of certain items of personal property, such as a time capsule located within the historic building . . . a plaque located on the Building, and

any public monuments located on and about the property." Winston Courthouse, LLC, also alleged it did not know who owned the public monuments and the Memorial.

### B. Order Appealed

After receipt of a thirty-day demand letter from the City of Winston-Salem to remove the Memorial, the Daughters filed and sought a declaratory judgment to determine the rights of the parties with respect to the Memorial. Contemporaneously, the Daughters also filed a motion for a temporary restraining order and preliminary injunction, to preserve *status quo* and prevent the alteration, removal or relocation of the Memorial pending the litigation. The trial court denied the motion for temporary restraining order to maintain *status quo*.

On 6 February 2019, the Daughters filed a verified amended complaint joining Winston Courthouse, LLC, as a defendant. The Daughters also filed a separate amended motion for preliminary injunction.

The City of Winston-Salem filed a motion to dismiss pursuant to North Carolina Rules of Civil Procedure 12(b)(1) and 12(b)(6) on 8 March 2019, alleging a lack of subject matter jurisdiction and asserting the Daughters' failure to state a claim. On 20 March 2019, the Daughters filed a second amended motion for preliminary injunction alleging the City of Winston-Salem had inexplicitly dismantled and removed the Memorial without agreement or consent. The

Daughters' second amended motion sought an injunction to force the City of Winston-Salem to return the Memorial to Courthouse Square.

On 8 May 2019, the trial court entered an order on Defendants' motions to dismiss. The trial court found the Daughters did not claim ownership of the statute and in fact, never alleged any rights. The trial court concluded that the Daughters did not allege ownership or any "other legally enforceable right" to the Memorial sufficient to convey standing, and that the Daughters had failed to establish "that there [wa]s any injury in fact that [wa]s either concrete or particularized to this specific plaintiff."

The trial court erroneously concluded the Daughters lacked standing and granted Defendants' motions to dismiss pursuant to Rule 12(b)(1), for lack of *subject matter jurisdiction*. The trial court also erroneously granted Defendants' motions to dismiss for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) with prejudice.

## II. Standard of Review

Our Supreme Court has held:

> For the purpose of a motion to dismiss, the allegations of the complaint are treated as true. A complaint is sufficient to withstand a motion to dismiss where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and where allegations contained therein are sufficient to give a defendant notice of the nature and basis

of plaintiffs' claim so as to enable him to answer and prepare for trial.

*Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E.2d 240, 241 (1981) (internal citations omitted).

This Court has also stated: "[a] complaint should not be dismissed for failure to state a claim unless it *appears beyond doubt* that plaintiff could prove *no set* of facts in support of his claim which would entitle him to relief. In analyzing the sufficiency of the complaint, *the complaint must be liberally construed.*" *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987) (internal citations omitted) (emphasis supplied).

### III. Motion to Dismiss

The pleadings assert and the record raises factual disputes over who currently owns the Memorial. According to the City of Winston-Salem, the Memorial remains owned by the Daughters and its members. The City of Winston-Salem sent the Daughters a letter on 31 December 2018 demanding of them, as owners, to remove the Memorial within thirty (30) days by 31 January 2019.

The current owner of the underlying property, Winston Courthouse, LLC, disclaims any ownership to the Memorial and notes, as the trial court found, the Memorial was expressly excluded with reserved easements for access to and

maintenance in and from its deed from Forsyth County to the property. Forsyth County alleges it owns the Memorial.

The majority's opinion affirms the trial court's erroneous Rule 12(b)(1) dismissal on subject matter jurisdiction for lack of standing, asserting the Daughters do not claim current ownership. The Daughters do not have to claim sole ownership to possess standing in this declaratory judgment action. The City of Winston-Salem repeatedly asserted the Daughters' ownership in its demands and in other communications Defendants sent to Plaintiffs, while the other Defendants assert varying or unknown ownership. Defendants are bound by their allegations. "[T]he law does not permit parties to swap horses between courts to get a better mount[.]" *Balawejder v. Balawejder*, 216 N.C. App. 301, 307, 721 S.E.2d 679, 683 (2011). It does not appear "beyond doubt" the Daughters' complaint being "liberally construed" asserts "no set of facts" to support their claims. *Dixon*, 85 N.C. App. at 340, 354 S.E.2d at 758.

In addition, our General Statutes also mandate prior notice guidelines and procedures for unclaimed property to ascertain ownership and for the transfer of such property to the State. *See* N.C. Gen. Stat. §§ 116B-56 and 116B-59 (2019). Any unclaimed property, whose owner cannot be ascertained, escheats to the State. N.C. Gen. Stat. § 116B-2 (2019). If the Memorial is determined to be held or owned by the State, additional notice and proceedings must occur as described below.

IV. <u>Standing</u>

The trial court dismissed the Daughters' declaratory judgment action for lack of *subject matter* jurisdiction under Rule 12(b)(1) for lack of standing. In a declaratory judgment action concerning standing, our Supreme Court has held:

> [T]he gist of the question of standing is whether the party seeking relief has alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.

*Goldston v. State*, 361 N.C. 26, 30, 637 S.E.2d 876, 879 (2006) (citations, alternations, and internal quotation marks omitted).

Our Supreme Court further held:

> [A] declaratory judgment action must involve an actual controversy between the parties, plaintiffs are not required to allege or prove that a traditional cause of action exists against defendant[s] in order to establish an actual controversy. [A] declaratory judgment should issue (1) when [it] will serve a useful purpose in clarifying and settling the legal relations at issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding.

*Id.* at 33, 637 S.E.2d at 881 (alterations in original) (internal citations and quotation marks omitted). The Daughters' claims clearly assert and "involve an actual controversy between the parties." *Id.*

As an association of Chapters and members, the Daughters also possess representational standing for its Chapters and individual members if, "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *River Birch Assocs. v. City of Raleigh*, 326 N.C. 100, 130, 388 S.E.2d 538, 555 (1990) (citation omitted); *see Fuller v. Easley*, 145 N.C. App. 391, 395-96, 553 S.E.2d 43, 46-47 (2001). ("[P]laintiff may have had standing to bring a taxpayer action, not as an individual taxpayer, but on behalf of a public agency or political subdivision, if the proper authorities neglected or refused to act. To establish standing to bring an action on behalf of public agencies and political divisions, a taxpayer must allege that he is a taxpayer of [that particular] public agency or political subdivision, . . . [and either,] (1) there has been a demand on and refusal by the proper authorities to institute proceedings for the protection of the interests of the political agency or political subdivision; or (2) a demand on such authorities would be useless.") (alterations in original) (internal citations and quotation marks omitted).

Here, members of the Daughters as citizens of Forsyth County also have standing as individuals to seek relief and for the Daughters to represent them. It is undisputed the Memorial was paid for and erected by the Daughters' members and

Chapter, and it is directly related to the stated non-profit and charitable goals of the organization. The declaratory judgment claim asserted and the relief requested does not require the participation of the individual members or Chapters of the Daughters. *See River Birch Assocs.*, 326 N.C. at 130, 388 S.E.2d at 555. The trial court's order and dismissal for lack of standing and *subject matter* jurisdiction under Rule 12(b)(1) is properly reversed and remanded. *See id.* The majority's opinion clearly bases its holding under Rule 12(b)(6), apparently recognizing the trial court's error under Rule 12(b)(1).

## V. Memorial to Veterans

The Courthouse property, which includes the Memorial specifically commissioned, erected, and dedicated to dead and wounded Forsyth County veterans, was recommended for protection and preservation by Forsyth County and the North Carolina Department of Cultural and Natural resources for its historic significance and was accepted and listed on the National Register of Historic Places by the United States Park Service of the United States Department of the Interior on 23 April 2013. National Historic Preservation Act of 1966, as amended, 16 U.S.C. 470 *et seq.* (2018). *See* 54 U.S.C. 3021 (2018); 36 CFR § 60.3(f); 36 CFR § 60.15. The record is undisputed.

Under Federal law, the term "veteran" is defined to include persons who "served for ninety days or more in the active military or navel service during the Civil

War." *See* 38 U.S.C. § 1532 (2018). The Congress of the United States also defines and grants the status and benefits of being an American "veteran" to any person "who served in the military or naval forces of the Confederate States of America during the Civil War[.]" 38 U.S.C. § 1501 (2018).

The Congress of the United States also instructed: "That the Secretary of the Army is authorized and directed to furnish, when requested, appropriate Government headstones or markers at the expense of the United States for the unmarked graves of the following[.]" The first category listed is "Soldiers of the Union and Confederate Armies of the Civil War." 24 U.S.C. § 279(a) (repealed 1 September 1973).

The Memorial was constructed and dedicated "to honor the men that fought and lost their lives" who were from Forsyth County. As a veteran's memorial and a war grave for those who did not return home and listed on the National Register, the Memorial is arguably protected from injury or destruction by the "Veterans' Memorial Preservation and Recognition Act of 2003." 18 U.S.C. § 1369 (2018) ("**Destruction of veterans' memorials** (a) Whoever . . . willfully injures or destroys, or attempts to injure or destroy, any structure, plaque, statute, or other monument on public property commemorating the service of any person or persons in the armed forces of the United States shall be fined under this title, imprisoned not more than 10 years, or both. . . . (b)(2) the structure, plaque, statue, or other monument described

in subsection (a) is located on property owned by, or under the jurisdiction of, the Federal Government.").

## VI. <u>N.C. Gen. Stat. § 100-2.1</u>

N.C. Gen. Stat. § 100-2.1, as amended in 2015, applies to and protects the Memorial. N.C. Gen. Stat. § 100-2.1 (2019). "[A]ny monument, memorial, or work of art owned by the State may not be removed, relocated, or altered in any way without the approval of the North Carolina Historical Commission." N.C. Gen. Stat. § 100-2.1(a). The statute protects monuments and memorials from being disturbed, removed, or relocated except in certain circumstances and are subject to certain exceptions. *Id.* The record is devoid of any "approval of the North Carolina Historical Commission," prior to the City's dismantling and removal of the Memorial. *Id.*

As Plaintiff, the Daughters are seeking a declaratory judgment, restraining order, and injunction to enforce the statute, consistent with their threshold ownership of and role in securing and erecting the Memorial and the specific goals expressed in their charter. While the Daughters nor anyone else asserts the Memorial has escheated to the State of North Carolina, if the Memorial is determined to be owned by the State, by no one claiming ownership, or is located on State-owned property, additional restrictions and requirements must be satisfied *prior to* any efforts are commenced to alter or remove the Memorial. N.C. Gen. Stat. § 100-2.1.

## VII. <u>N.C. Gen. Stat. § 100-2.1(b)</u>

N.C. Gen. Stat. § 100-2.1(b) provides the mandatory statutory mechanisms for the lawful alteration, removal or relocation of monuments and memorials. The City of Winston-Salem, any government or private entity, or any other person is mandated to comply with this and other statutes prior to any alteration or removal. N.C. Gen. Stat. § 100-2.1(b) additionally states: "As used in this section, the term 'object of remembrance' means a monument, memorial, plaque, statue, marker, or display of a permanent character that commemorates an event, a person, or military service that is part of North Carolina's history." This statute clearly applies to and protects the Memorial. Nothing in the record shows any compliance by the Defendants therewith.

A. Actions by the City of Winston-Salem

N.C. Gen. Stat. § 160A-193 (2019) grants statutory authority to a municipality to act when a building or structure constitutes an imminent danger to the public health or safety, creating an emergency necessitating the structure's immediate demolition. *See Monroe v. City of New Bern*, 158 N.C. App. 275, 580 S.E.2d 372 (2003). Before taking action, the municipality must comply with federal and state laws and give required notice, a hearing, and ample opportunity to make the structure safe. *Id.* at 278, 580 S.E.2d at 374.

The City of Winston Salem, a political subdivision chartered by the General Assembly of North Carolina and which is located wholly within Forsyth County, would act *ultra vires* to purport to declare a Memorial and war grave dedicated to

dead and wounded veterans of that county, whether owned by Forsyth County or the Daughters or the State to be a public nuisance.

The Memorial was erected by county order, dedicated and maintained on reserved property easements to the county. The City of Winston-Salem has no lawful basis to declare the Memorial to be a public nuisance or to pre-emptively demand and then unilaterally remove it from a property listed on the National Register of Historic Places without prior permission or agreement. The City of Winston-Salem can only act to seek removal of the Monument after compliance with the applicable federal and state statutes. 18 U.S.C. § 1369 (2018); 36 CFR § 60.15; N.C. Gen. Stat. § 100-2.1(b).

Such unilateral and pre-emptive action is unlawful under these laws and statutes and is not allowed within N.C. Gen. Stat. § 160A-193(a) ("A city shall have authority to summarily remove, abate, or remedy everything in the city limits or within one mile thereof, that is dangerous or prejudicial to the public health or public safety."). The Daughters' declaratory judgment complaint invokes subject matter jurisdiction and states standing and claims for relief to survive Defendants' motions to dismiss.

## B. Compliance with the Statutes

While the laws and statutes limit the authority of the City of Winston Salem, Forsyth County, or anyone else to alter, remove or relocate the monuments or Memorial, the North Carolina statute does not totally prohibit removal or relocation.

After compliance with federal and state requirements, the Memorial may be relocated to a "site of similar prominence, honor, visibility, availability and access that are within the boundaries of the jurisdiction from which it was located." N.C. Gen. Stat. § 100-2.1(b).

Since the dedicated location of the Memorial was erected by order of the County Commission near the front door of one of the County's most prominent building for over 115 years, and the only former public building in Forsyth County listed on the National Register of Historic Places, any substituted location in equal prominence may be a difficult standard to meet, although the statute requires the memorial to be of "similar prominence" and not "the same prominence." In any event, the statutory restrictions on relocation make removal of the Memorial not an option without prior "approval of the North Carolina Historical Commission," or an express agreement with the owner, which is the subject of the declaratory judgment action. N.C. Gen. Stat. § 100- 2.1(a)(b).

## VIII. No Agreement to Relocate

The City of Winston-Salem inexplicitly and unlawfully sought to declare the Memorial to dead and wounded veterans from Forsyth County to be a public nuisance, used taxpayer funds to dismantle and remove the Memorial, and sought to relocate the Memorial to the Salem Cemetery without the agreement of the owners and in violation of federal and state law. On 31 December 2018, City of Winston-

Salem Mayor Joines wrote to the Daughters and purported to demand the Daughters to remove the Memorial within thirty days, no later than 31 January 2019. The Memorial had remained in place and undisturbed since 20 March 1905 until April 2019.

There is no allegation or agreement with any purported owner to remove or relocate the Memorial or any showing of prior compliance with the federal and state statutes. Temporary removal is permitted by agreement with the owner when required to preserve the Memorial, which must be re-erected within ninety (90) days thereafter. N.C. Gen. Stat. § 100-2.1(b). Defendants make no allegations of actions or threats of action to physically damage the Memorial, so that provision would not appear to apply. *Id.*

The statutes provide one exception, presuming the Memorial is owned by the Daughters or other private owners that may be applicable, which provides that an object of remembrance owned by a private party that is located on public property may be removed, if it is subject to a legal agreement governing its removal or relocation. Defendants do not assert any agreement with the Daughters, Forsyth County, the State, or any other potential owner to dismantle, remove, or relocate the Memorial. *Id.* Defendant Winston Courthouse, LLC specifically disclaims any ownership of the Memorial.

Prior to the Memorial being unlawfully dismantled and removed, only two instances of the Memorial being spray painted had occurred and that desecration was immediately removed and cleaned. There was no evidence of violence or other direct substantiated threats to public safety from the 115-year-old Memorial to permit the City of Winston-Salem to act unilaterally to remove the Memorial.

## IX. Conclusion

The superior court clearly possesses jurisdiction and Daughters possess standing on multiple grounds to assert the declaratory judgment action and claims to survive dismissal under Rule 12(b)(1). N.C. Gen. Stat. §§ 1-277; 7A-27 (2019); *see Goldston*, 361 N.C. at 30, 637 S.E.2d at 879. The Daughters possess the individual standing of its members and Chapters and representational standing to seek a declaratory judgment and other relief. *River Birch Assocs.*, 326 N.C. at 130, 388 S.E.2d at 555. The trial court's order of dismissal "with prejudice" to the contrary is clearly erroneous.

When the complaint is "liberally construed" it does not appear "beyond doubt" the Daughters' complaint asserts "no set of facts" to support their claims and entitlement to relief. *See Dixon*, 85 N.C. App. at 340, 354 S.E.2d at 758. The Daughters' allegations clearly assert an "injury in fact" from Defendants' actions. *See Neuse River Found., Inc.*, 155 N.C. App. at 114, 574 S.E.2d at 51-52. The trial court granting of either of Defendants' Rule 12(b)(1) or 12(b)(6) motions with prejudice was

error.  "Thou shalt not remove thy neighbour's landmark, which they of old time have set[.]" *Deuteronomy* 19:14 (King James).  "Remove not the ancient landmark, which thy fathers have set." *Proverbs* 22:28 (King James).

The majority's opinion does not address, explain, distinguish  nor refute any of the rules, precedents, laws, and statutes that are plead at the trial court, cited on appeal, and as controlling law, are clearly applicable to the facts and record that is before us.  The order of dismissal with prejudice is erroneous and is properly reversed and remanded.  I respectfully dissent.